CARTHAGE DEVELOPMENT CO., INC., Plaintiff, *v.* FRANK
L. CUSHMAN et al., Defendants.

(Supreme Court, Monroe Equity Term, August, 1917.)

Wills — probate of — action to compel determination of title — evidence — jurisdiction — statutes —surrogates.

Upon the day of the probate of an instrument purporting to be a last will and testament by which the alleged testator devised certain real property in equal shares to A and B, two of his four surviving brothers, who were his only heirs and next of kin, each of three of them conveyed an undivided one-fourth of the property to A who immediately entered into possession and together with his heirs and assigns have ever since continued in the actual and undisputed possession of the property under claim of title. In an action to compel a determination of the title brought upon the theory that the probate of the will was without jurisdiction and without proof of a compliance of the requirements of the statute, plaintiff, who holds the title through A, contended that the will was ineffectual for the conveyance of the real estate and that in consequence it descended to all the brothers of the alleged testator as by intestacy. *Held,* that plaintiff was entitled to attack the alleged will and its probate.

That as it affirmatively appeared from the record of the alleged probate of the alleged will that there was no sworn evidence before the surrogate of the execution of the instrument in the manner prescribed by statute, nor evidence sufficient to invest him with jurisdiction to admit it to probate, the presumption of the decree of probate was rebutted, and as a result A inherited an undivided one-quarter of the premises in question and by the conveyances from his brothers acquired full and complete title to the other three-quarters thereof, and having thereafter held the same for more than twenty years under open and undisputed claim of title the ownership of plaintiff, claiming under A, was indefeasible and no interest therein vested in one who claimed that B, to whom he stood in succession, took one-half of the premises under the alleged will and having conveyed only an undivided one-fourth thereof

ownership of the remaining one-fourth was vested in him and demanded judgment to that effect.

That the failure of proof before the surrogate of the due execution of the will in the manner required by statute could not be cured by an admission of the testator's brothers, signed and duly acknowledged but not sworn to, in which it was conceded that the facts which they declined to testify to under oath did in fact exist.

ACTION for the construction of a will.

Carnahan, Adams, Jameson & Pierce, for plaintiff.

Frederic G. Rita, for defendants.

SAWYER, J.    Charles Moulson died in the year 1870, leaving him surviving four brothers, Robert W. Moulson, George Moulson, Thomas Moulson and Samuel Moulson, who were his only heirs and next of kin. On June 7, 1871, an instrument purporting to be his last will and testament was admitted to probate by the surrogate of Monroe county, in and by which the real estate, here in controversy, together with other property of decedent was devised unto the brothers Robert W. Moulson and George Moulson, share and share alike.    That same day Robert W. Moulson, Thomas Moulson and Samuel Moulson each conveyed an undivided one-fourth of the premises to the said George Moulson, who immediately entered into possession and, together with his heirs and assigns, has ever since continued in the actual and undisputed possession thereof under claim of title.

It is now said by the defendant Frank L. Cushman, that Robert W. Moulson to whom he stands in succession took one-half of the premises under the alleged will, and, having conveyed away only an undivided one-fourth thereof, ownership of the remaining one-

fourth is vested in him, and judgment to that effect is demanded by him.

Plaintiff's theory is, that the probate of such last will and testament was had without jurisdiction and without proof that same complied with the requirements of the statute, and that same was therefore ineffectual for the conveyance of real estate. That, in consequence, the real property descended to the four brothers, share and share alike as by intestacy, and the deeds mentioned together with the one-fourth he acquired by inheritance established in George Moulson absolute title to all the premises. Plaintiff, who holds title through the said George Moulson, is entitled to here attack such will and its probate. *Matter of Kellum,* 50 N. Y. 298; *Hoyt* v. *Hoyt,* 112 id. 493–504; *Dater* v. *Willson,* 36 Hun, 546; *Matter of Davis,* 59 Misc. Rep. 310.

At the time of the execution of the alleged will (September 1, 1866), and at the time of its probate in June, 1871, the requirements for the valid execution of a will and for the procedure for its probate were, substantially, the same as they are now. Laws of 1837, chap. 460, §§ 10, 11, 17.

The will must have been subscribed by the testator in the presence of each of at least two witnesses, or must have been acknowledged by him to have been subscribed to each of such attesting witnesses, or to such of them as were not present at the making of the subscription, at the time of making such subscription, or at the time of acknowledging the same, or both as the case might be, the testator must have declared in the presence of each witness that the instrument was his will, whereupon, each of the attesting witnesses must have signed his name as a witness thereto, at the end of the will and at the request of the testator.

The procedure of probate required the surrogate to cause the witnesses to be examined before him; that all such proofs and examinations be reduced to writing; that at least two of the witnesses of such will, if so many were living in the state, of sound mind and not disabled from age or sickness, or infirmity, be produced and examined; that the surrogate inquire particularly into the facts and circumstances before establishing the same, or granting letters testamentary, or of administration. There is a further provision, that no will shall be admitted to probate until such witnesses have been examined and before " admitting the same to probate the surrogate shall be satisfied of its genuineness and validity."

This entire scheme of probate procedure contemplates that a decree admitting a will to probate shall be based only upon sworn testimony of sufficient weight and value to satisfy the surrogate of the genuineness and validity of the instrument propounded. No substitute or alterative for such procedure is provided, either in terms or by implication. It is well settled law that a surrogate's court is of limited jurisdiction and can only act as provided by statute, and it follows that an effective decree of probate can only be founded upon facts arrived at in the statutory manner.

The record of the probate of this alleged will shows, upon its face, that the paper was never declared by Mr. Moulson to be his last will and testament, nor published by him as such; neither is there any proof that the witnesses saw it signed nor that he acknowledged to either of them the signature appended thereto. In other words, it affirmatively appears there was no sworn evidence before the surrogate of the execution of the will in the manner required by

statute, nor evidence sufficient to invest him with jurisdiction for its probate. This failure of proof was attempted to be cured by an admission of the brothers of Mr. Moulson, signed and duly acknowledged but not sworn to, in which it was conceded that the facts which the witnesses declined to testify to under oath did, in fact, exist, and the learned surrogate evidently considering this admission as sufficient to cure the failure of proof accepted it for that purpose and decreed probate thereon.

I think this entirely unwarranted. As has been said, he could only acquire jurisdiction and perform his official duties by strict conformity to his governing statutes and, under circumstances such as are here portrayed, the presumptive value of his decree of probate, so far as same relates to real estate, is completely rebutted by the record of his failure so to do. That the four brothers of Mr. Moulson understood this thoroughly is evidenced by their practical construction of their rights and adjustment in accordance therewith. Whatever may have been their reason for uniting in the unsworn admission filed with the surrogate, it is evident they believed the will and its probate a nullity, and that the property did not pass under the will to Robert and George, but by intestacy to the four of them in equal shares.

This construction of their rights and interests was in accord with the facts and the law. The record of probate rebuts the presumption of the decree and as a result Mr. George Moulson inherited an undivided one-quarter of the premises in question, and by said deeds of June 7, 1871, acquired full and complete title to the other undivided three-quarters thereof. He having thereafter held same for more than twenty years under open and undisputed claim of title thereto,

the ownership of this plaintiff claiming under him is indefeasible, and no interest therein is vested in the defendant Cushman.

Judgment is directed for plaintiff accordingly, with costs.

Judgment accordingly.