### *In re* VANDEN BOSCH'S ESTATE.

#### VANDEN BERG *v.* VOS VERCADE.

1. WILLS—HEIRS—ASSIGNEE OF INTEREST—RIGHT TO CONTEST.
   Assignees, grantees, and donees of an heir have no such interest in the will of the testator as will enable them to contest its validity, nor is the right of action itself assignable or the subject of conveyance.

2. SAME—POWER OF ATTORNEY TO CONTEST—REVOCABILITY.
   A power of attorney to contest a will, accompanying an assignment by an heir of his right in testator's property, which conveyed no interest, cannot be said to be coupled with an interest rendering it irrevocable.

Error to Ottawa; Cross, J.   Submitted June 3, 1919. (Docket No. 24.)   Decided July 17, 1919.

Albert Vanden Berg presented for probate the last will of Maartje Vanden Bosch, deceased.   On petition of Maggie Vos Vercade, as assignee and attorney of William Thiel, said will was certified to the circuit court.   Proponent then filed a motion to dismiss the

The question as to who may contest will, is discussed in a note in L. R. A. 1918A, 447.

petition. Judgment for proponent. Contestant brings error. Affirmed.

*Lillie, Lillie & Lillie,* for appellant.

*Diekema, Kollen & Ten Cate* and *Louis H. Osterhous,* for appellee.

KUHN, J. On February 21, 1918, a petition was filed in the probate court for Ottawa county for the probate of the will of Maartje Vanden Bosch, deceased. William Thiel was described therein as one of the heirs at law of the said Maartje Vanden Bosch. On April 8, 1918, William Thiel, as such heir at law, made and executed and delivered an assignment of all his right, title, and interest in and to all the property of Maartje Vanden Bosch to Mrs. Maggie Vos Vercade. On the same day William Thiel also executed a power of attorney to said Maggie Vos Vercade, both the assignment and the power of attorney being duly signed and acknowledged, and witnessed by two witnesses. On April 9, 1918, Maggie Vos Vercade, as assignee, and with power of attorney from William Thiel, filed objections to the probate of the will in writing, and on April 30, 1918, as such assignee and attorney-in-fact, she filed a petition asking the probate court to certify the matter to the circuit court, and, having filed a proper bond, the same was so certified. On the 5th of July, 1918, William Thiel attempted to revoke the said power of attorney by an instrument in writing which was duly acknowledged. Thereafter a motion was made in the circuit court to dismiss the cause and the objections to the probate of the will and to certify the same back to the probate court. Attached to the motion was the affidavit of Louis H. Osterhous, and in opposition thereto there were filed affidavits of Walter I. Lillie and Cornelius Roosenraad. After hearing the motion, the trial judge

filed his finding in the matter and determined that Maggie Vos Vercade was not a person entitled to contest the will of Maartje Vanden Bosch, granted the motion, and certified the proceedings to the probate court for further proceedings in the estate in accordance with the statute.

Whether or not William Thiel could legally assign his right as heir at law of the deceased, Maartje Vanden Bosch, to contest her will, is the first meritorious question before us for consideration. Under the common law, the buying of a bare litigious interest was severely frowned upon, and while the rule has been somewhat relaxed from time to time, still the courts have always been loth by their decisions, on the ground of sound public policy, to give encouragement to this practice. The following is found in 5 Corpus Juris, p. 858:

"The practice of purchasing from prospective heirs, devisees, or legatees interests in property which have no present existence, either actual or potential, but which such persons expect to acquire by descent or by will, is known as 'Catching bargains with heirs,' and has given rise to a great diversity of judicial decisions as to the validity of such transactions.

"Under the general rule of the common law against the validity of the assignment of a mere possibility or right which has no present existence either actual or potential, the assignment by a prospective heir or devisee of his expectancy of acquiring an estate by descent or by will, is void at law."

Also the following in 40 Cyc. p. 1243:

"Assignees, grantees, and donees of an heir have no such interest in the will of the testator as will enable them to contest its validity. Nor is the right of action itself assignable or the subject of conveyance."

Thompson on Wills, § 518, p. 453, states the following:

"But persons without any interest cannot maintain an action to contest a will. Thus it has been held that a creditor of the testator has no such interest as will authorize him to maintain the action, nor has the donee of an heir at law such an interest as will entitle him to contest the will."

See, also, *In re Evans' Will*, 72 N. Y. Supp. 495, 65 App. Div. 100, affirmed in 171 N. Y. 645 (63 N. E. 1116) ; *Ransome* v. *Bearden*, 50 Tex. 119. We are of the opinion that the weight of authority is that a donee of an heir at law cannot acquire such an interest as to enable such donee to contest a will, and therefore conclude that the learned trial judge was correct in holding that Maggie Vos Vercade had no authority to prosecute the contest of the will.

It is next urged that in the instant case the power of attorney was coupled with an interest in the subject-matter thereof and therefore irrevocable without the consent of the person to whom the power was given, and a number of cases are reviewed and argued in the brief of counsel upon this question. However, this question need not concern us for the reason that, having determined that Mrs. Vos Vercade did not receive any interest by the assignment in the property, it cannot be said that there was any interest coupled with the power of attorney which brought it within the rule, or rather the exception to the rule, that such a power of attorney is irrevocable.

Some question is raised as to whether or not the will is properly executed, but that question is not before us at this time and will probably be disposed of by the proper court on the petition for the probate of the will, when finally heard.

We are of the opinion that the trial judge reached a proper conclusion, and his order is therefore hereby affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.