GROSS *v.* KELLNER.

1. Equity—On Motion to Dismiss Bill For Want of Equity Well Pleaded Facts Taken as True.

Upon a motion to dismiss a bill for want of equity, the court must take as true every well pleaded fact stated therein.

2. Same—Allegation That Plaintiff Was Not Served With Process States Case in Equity.

An allegation in a bill to set aside a default judgment in an action at law that no service was had on plaintiff, despite the return of the sheriff of personal service, and that plaintiff had no knowledge of the action or judgment against him until an officer appeared with an execution to seize his property, states a case in equity.

3. Judgment—Sheriff Not Necessary Party in Suit to Set Aside Default Judgment For Want of Service.

The sheriff is not a necessary party defendant in a suit to set aside a default judgment on the ground that no service was had on plaintiff despite the sheriff's return of personal service, but the burden is on plaintiff to establish the falsity of the return.

4. Same — Bond Should be Required on Staying Proceedings Unless There Was Actual Fraud.

Under 3 Comp. Laws 1915, § 12664, the court, on granting stay of proceedings on default judgment in an action at law, should have required the giving of a bond, unless there was actual fraud (section 12670).

Appeal from Wayne; Hunt (Ormond F.), J. Submitted April 11, 1928. (Docket No. 107.) Decided June 4, 1928.

Bill by Henry Gross against David E. Kellner, doing business as the Victor Light Company, to set aside a default decree. From an order denying a motion to dismiss, defendant appeals. Affirmed.

[1]Equity, 21 C. J. § 814; [2]Judgments, 34 C. J. § 771; 15 R. C. L. 773; 6 R. C. L. Supp. 931; [3]Id., 34 C. J. § 759; [4]Injunctions, 32 C. J. § 506.

*William J. Lehmann,* for plaintiff.

*Louis Rosenzweig,* for defendant.

WIEST, J.    We here review, under special leave, denial of defendant's motion in the circuit to dismiss plaintiff's bill of complaint and refusal to order plaintiff to give bond upon being granted a temporary. injunction to stay the proceedings at law.    The bill before us was filed to set aside a default judgment rendered in favor of defendant and against plaintiff herein in the Wayne circuit.

Several grounds are alleged in the bill, only one of which need be considered, for, if that states a case for consideration in equity the circuit judge rightly refused to dismiss the bill on special motion.    It is the universal rule that, upon a motion to dismiss a bill for want of equity, the court must take as true every well pleaded asserted fact stated therein.    Plaintiff set up in the bill the fact that, despite the return of the sheriff of personal service upon him of the process in the action at law, no service was made, and, therefore, he had no knowledge of the suit or judgment against him until an officer appeared with an execution to seize his property.    That allegation states a case in equity.    *Garey* v. *Morley Brothers,* 234 Mich. 675, and cases there cited.    We need not repeat what we there said.

Counsel for defendant claims that the sheriff is a necessary party defendant.    We do not think so.    At the hearing, plaintiff must, in order to have the judgment set aside, establish the fact that the return of service of process upon him was false.

By injunction the circuit court stayed all proceedings in the action at law and should have required plaintiff to give bond.    The statute (3 Comp. Laws 1915, § 12664) requires a bond be given, except in case of actual fraud.    3 Comp. Laws 1915, § 12670.

In the particular mentioned the bill does not allege actual fraud and the circuit court is directed to require that a bond be given or, in default thereof, dissolve the stay.

The order denying the motion to dismiss the bill is affirmed.    Under the circumstances, each party will stand his own costs.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.