MICHAEL V. CAMPBELL, Appellant, v. CURTIS H. MUNCIE, Respondent, and ADA HICKS MUNCIE, Defendant. (Appeal No. 2.) — In an action to recover damages for alienation of affections, order granting defendant Curtis H. Muncie's motion under rule 107, subdivision 7, Rules of Civil Practice, to dismiss the complaint because the cause of action had been released, and the judgment entered pursuant to said order, reversed on the law and the facts, with ten dollars costs and disbursements; and it is directed that the question of fact as to the validity and applicability of the release be tried by a jury and the findings thereof reported to the Special Term for its action on the motion as provided in rule 108 of the Rules of Civil Practice. (*Perloff* v. *Kelmenson*, 226 App. Div. 696; *Mohamed* v. *Unifruitco Steamship Co., Ltd.*, 223 id. 791; *Horlick* v. *Horlick*, 243 id. 559.) The affidavits raise an issue of fact as to the applicability of the general release to the cause of action set out in the complaint, as well as the validity thereof in its relation to that cause of action. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.

STEPHEN CASELLA, Individually and as Executor, etc., of DOMENICO CASELLA, Deceased, Appellant, v. MAZIE SLOCKBOWER, Respondent.— Resettled order granting defendant's motion for summary judgment under rule 113 [of the Rules of Civil Practice] on the ground that the defense of *res adjudicata* has been *prima facie* established by documentary evidence, without challenge as to the verity of such evidence in an action for damages based on fraud, conspiracy, forgery and lack of power of an executor to make an agreement, and judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. Appeal from order dated July 2, 1934, dismissed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

CITY BANK FARMERS TRUST COMPANY, as Trustee under an Agreement Dated August 17, 1929, Made by ESTHER GITEL KLEIN, Appellant, v. ESTHER GITEL KLEIN and Others, Defendants, and GRIGORI SKIDELSKY, Respondent.— Order granting, on reargument, the defendant-respondent's motion and vacating a judgment as to him, opening his default and permitting him to appear and answer reversed on the law and the facts, with twenty-five dollars costs and disbursements each to the plaintiff and guardian *ad litem*, and motion denied, with ten dollars costs. It was incumbent upon the defendant to show " good cause " to permit him to open his default and defend nearly two years after entry of judgment (Civ. Prac. Act, § 217). Not only did he fail to present any evidence tending to establish acts of omission or commission on the part of the plaintiff in the administration of the trust, but it is undenied that every transaction of which complaint is made was predicated upon the express instructions or consent of the settlor, who created this trust, pursuant to the terms of the trust agreement. Further, the trust agreement specifically provided that the trustee should not be liable for any transaction so made. Young, Hagarty and Davis, JJ., concur; Lazansky, P. J., and Tompkins, J., dissent and vote to modify the order by imposing the payment of all taxable costs and disbursements to date as a condition for opening the default, and, as so modified, to affirm the order.