### BUTTS v. RUTHVEN.

1. WILLS—CONTEST—STATUTES.

   The right to contest a will is purely statutory and can be exercised only in accordance with, and within limitations prescribed by, statute (3 Comp. Laws 1929, §§ 15537, 15958).

2. COURTS—PROBATE COURTS—AGGRIEVED PARTIES—REVIEW BY CIRCUIT COURT.

   Under statute authorizing any aggrieved person to appeal from an order of the probate court to the circuit court, an appellant must have some interest of a pecuniary nature in the outcome of the case and not a mere possibility arising from some unknown and future contingency (3 Comp. Laws 1929, § 15958).

3. WILLS—PROBATION—PARTIES IN INTEREST.
   Parties in interest in a proceeding to probate will are the bene-
   ficiaries under the will and those upon whom the law would
   cast the property in event will is set aside.

4. SAME—CONTEST BY COUSINS WHEN SISTER SURVIVES.
   First cousins and second cousins of testatrix have no right to
   contest will nor maintain suit to set aside order allowing will
   to probate where testatrix also was survived by a sister
   (3 Comp. Laws 1929, §§ 15537, 15958).

5. EQUITY—PLEADING—MOTION TO DISMISS.
   All facts well pleaded in a bill of complaint must be taken as
   true under a motion to dismiss.

6. ASSIGNMENT—GUARDIAN OF NONRESIDENT INCOMPETENT WARD—
   CONTEST OF WILL.
   Assignment by general guardian of an incompetent person's
   estate in State of Washington whereby he conveyed all of such
   ward's interest in estate of her sister in Michigan to first
   and second cousins of deceased sister would be governed by
   law of this State as to the effect of the assignment upon the
   rights of the assignees since it was contemplated that it would
   become effective in this State, and as such assignees of the
   sole heir plaintiffs were not entitled to contest will of deceased
   nor to maintain suit to set aside order allowing it to probate
   (3 Comp. Laws 1929, §§ 15537, 15958; 1 Rem. Comp. Stat.
   Wash. § 1576).

Appeal from Washtenaw; Toms (Robert M.), J.,
presiding. Submitted January 16, 1940. (Docket
No. 111, Calendar No. 40,955). Decided March 15,
1940.

Bill by Charles Butts and others against Alex-
ander G. Ruthven and Regents of the University of
Michigan to set aside an order admitting a will to
probate, for an injunction and other relief. Bill dis-
missed. Plaintiffs appeal. Affirmed.

*Walter M. Nelson* and *Bernard E. Konopka,* for
plaintiffs.

*Frank B. DeVine* (*Louis H. Fead,* of counsel), for
defendants.

Sharpe, J. This is a chancery suit to set aside the allowance of the will of Effie M. Griffith, deceased. Effie M. Griffith died December 22, 1937, leaving a last will and testament dated May 15, 1934, in which she gave her estate to the regents of the University of Michigan to form a loan scholarship to provide loans to needy women students. On January 3, 1938, a petition for probate of the will was filed in which it was represented that the only heir of Effie M. Griffith was a sister, Mrs. J. B. Quick, residing at 911 Summit avenue, Seattle, Washington.

The notice on the order of publication was mailed to Mrs. J. B. Quick, care of Seattle First National, Seattle, Washington, and was received by J. H. Newberger, a vice-president of the First National Bank of Seattle, Washington, which bank was the agent of Mrs. J. B. Quick. On January 31, 1938, the will was admitted to probate.

Subsequent to the allowance of the will to probate, E. R. Butts was appointed special guardian of the estate of Edna Griffith Quick (otherwise known as Mrs. J. B. Quick and Edna J. Quick), a mental incompetent, and filed a general appeal from the order admitting the will to probate. On March 30, 1939, a motion was filed to dismiss the appeal of E. R. Butts, as special guardian of Edna J. Quick, an allegedly mentally incompetent person, on the ground that the notice of hearing on the petition for the appointment of E. R. Butts as special guardian was not given as required by statute; that the probate court was without jurisdiction to enter an order; and that such order was void. The motion was granted on May 27, 1939, and, thereafter, E. R. Butts filed his claim of appeal to the Supreme Court from the granting of the motion. In an opinion handed down this day we affirmed the ruling of the trial judge. *In re Griffith's Estate, ante,* 599.

March 15, 1938, upon petition, the Seattle First National Bank was appointed guardian of the estate of Edna J. Quick. The bank, as guardian, filed a petition in the superior court for King county, State of Washington, for instructions relative to its duty in connection with the Griffith estate. At the time the above petition was filed, Edna J. Quick was an incompetent and had been for a period of years. She had an estate in excess of $400,000, was confined to a home, and had employed the bank to handle her financial affairs. Upon such petition, the superior court instructed the guardian as follows:

"Said guardian is hereby instructed not to request the appointment of E. R. Butts, or any other person, as guardian of the estate of Edna J. Quick within the State of Michigan for the purpose of contesting the probate of the will of Effie M. Griffith, deceased."

On July 1, 1939, plaintiffs began the present suit in the Washtenaw circuit court. Their bill of complaint charges that the will is a forgery; that deceased was mentally incompetent at the time the alleged will was executed; that the notice given to Mrs. J. B. Quick on the order of publication was not mailed to the address mentioned in the petition to probate the will and amounts to no notice at all; that there was no competent proof of the execution of the will at the time the will was allowed by the probate court of Washtenaw county; that the plaintiffs as relatives of the deceased received no notice of any of the probate court proceedings; that the proceeding of E. R. Butts as special guardian fails to provide an adequate remedy; that the amount involved is more than $30,000; and that a chancery court is the only forum in which plaintiffs can secure adequate relief. The relief prayed for in the bill of complaint is the setting aside of the order of the probate court

of January 31, 1938, admitting the will to probate; that defendants be enjoined from proceeding with the probate of the Griffith estate; and that defendants render an accounting of all their doings in the premises.

Defendants filed a motion to dismiss plaintiffs' bill of complaint upon the grounds that the court has no jurisdiction of the subject matter because of the pendency of the appeal proceedings in the Supreme Court; that plaintiffs' remedy, if any, is at law and not in equity; that plaintiffs' bill of complaint fails to state a cause of action; and that neither individually nor in any representative capacity have the plaintiffs or any of them any interest in the estate of Effie M. Griffith and, consequently, are not entitled to maintain their bill.

The trial court filed an opinion September 23, 1939, granting defendants' motion, and held that E. R. Butts is not and never was the lawful special guardian of Edna J. Quick; that plaintiffs have no interest in the estate of Effie M. Griffith as next of kin, presumptive heirs, assignees or otherwise which would entitle them to maintain the bill; that the alleged assignment did not, if valid, authorize plaintiffs to maintain the bill; and that the alleged assignment was not within the authority of the guardian to make.

Plaintiffs appeal from the order of dismissal and contend that no proper notice was given to Mrs. Quick of the proceedings taken to probate the Griffith will; that there was no hearing and no proof of the alleged will; that the special guardian was legally appointed and as such had a right to maintain an action; that plaintiffs are presumptive heirs of Effie M. Griffith; that plaintiffs as assignees can maintain a suit in chancery; and that a court of

chancery has exclusive jurisdiction of the complaint of plaintiffs.

In another opinion we have disposed of the question of the right of E. R. Butts as special guardian to maintain this action and we shall now discuss the rights of plaintiffs as next of kin of Mrs. J. B. Quick and presumptive heirs at law of Effie M. Griffith to maintain such a bill.

*In re Estate of Meredith,* 275 Mich. 278, 292 (104 A. L. R. 348), we said:

"The right to contest a will is, in this State, purely statutory and can be exercised only in accordance with and within the limitations prescribed by statute."

Section 15537, 3 Comp. Laws 1929, as amended by Act No. 321, Pub. Acts 1931, and Act No. 9, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 15537, Stat. Ann. § 27.2637), provides:

"When any will shall have been delivered into or deposited in any probate court having jurisdiction of the same, such court shall appoint a time and place for proving it, when all concerned may appear and contest the probate of the will, and shall cause public notice thereof to be given by service as provided in section nine of this chapter; and no will shall be proved until notice shall be given as herein provided."

Section 15958, 3 Comp. Laws 1929 (Stat. Ann. § 27.3158), provides:

"In all cases not specifically prohibited by statute, any person aggrieved by any order, sentence, decree or denial of the judge of probate, may appeal therefrom to the circuit court from the same county * * * *Provided, however,* That any probate judge shall have power in all contests over the allowance or dis-

allowance of wills, before the hearing thereof in probate court, to certify the same to the circuit court for the same county for hearing, upon application of any interested party in said contest, in the same way and subject to the same provisions as are now provided for in appeals from the probate court to the circuit court mentioned in this section.''

The question of ''all concerned'' and ''any person aggrieved'' have been ruled upon by our court.

In *Re Estate of Matt Miller,* 274 Mich. 190, 194, we said:

''The question of who may be aggrieved was settled in *Labar* v. *Nichols,* 23 Mich. 310. To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency. This is the general rule. * * * It is well settled that the parties in interest in a proceeding to probate a will are the beneficiaries under the will and those upon whom the law would cast the property in the event the will was set aside.''

In *Re Zinke's Estate,* 235 Mich. 201, 205, the court said:

''If the contestant would be entitled to no share in the estate if the will was disallowed, and could take nothing from the estate under the statutes of descent and distribution, he is not an interested party.''

In *Taff* v. *Hosmer,* 14 Mich. 249, 255, Taff, the grandfather and next of kin of the sole heir of testator took an appeal from allowance of the will to probate. The court denied his interest, saying:

''We have no difficulty in holding that Taff could not contest a will merely disposing of the property. He is neither heir, devisee, nor next of kin, and is, therefore, a stranger to the inheritance. No case 'has been cited, and we presume none exists, which

would favor any pretense of a right to interfere with the disposition of property because he is next of kin to the heir who is the only person living concerned in opposing a will which lessens his inheritance.''

In the case at bar, the plaintiffs are two first cousins and seven second cousins. They have no present interest in any of Effie M. Griffith's property. 'Had Effie M. Griffith died intestate her property would have descended to Mrs. Quick, her sole heir. Plaintiffs are strangers to the property of Effie M. Griffith and as such have no right to contest her will. But it is urged that as assignees of the interest of Mrs. Quick in the estate of Effie M. Griffith they are entitled to maintain this suit. Defendants urge that there never was an assignment in fact; and that if there was an assignment of the interests of Mrs. Quick to plaintiffs it was ineffectual and did not create a right to contest the Griffith will. We have in mind that in plaintiffs' bill of complaint, the claim is made that the assignment was made on or about March 22, 1938, and that all facts well pleaded in the bill of complaint must be taken as true under a motion to dismiss. *Lewis J. Selznick Enterprises* v. *Harry I. Garson Productions,* 202 Mich. 111; *Gross* v. *Kellner,* 242 Mich. 656. For the purpose of this opinion, we shall consider it as a fact that the interests of Mrs. Quick in the estate of Effie M. Griffith have been assigned to plaintiffs. The fact that the assignment was made in the' State of Washington brings up the question as to the right of the general guardian of Mrs. Quick to execute such an assignment.

Section 1576, 1 Remington's Compiled Statutes of Washington, Annotated, provides:

''Guardians of minors, insane or mentally incompetent persons, or their property, shall have power and authority to represent their wards in all mat-

ters, and may sue or be sued as such guardian, and such wards shall be bound by any compromise or settlement made by such guardian: Provided, the court shall have ordered or approved such action of the guardian. Before making any such compromise or settlement, the guardian shall file with the court which appointed him a petition setting out the nature of the suit, claim or dispute, together with the reasons for settling or compromising the same, and the court, either with or without notice of hearing, may make such order on such petition as shall appear proper."

In the case at bar, we find no order of the Washington court issuing any order of approval of the claimed action of the general guardian of Mrs. Quick. In *Union Trust Co.* v. *Bulkeley,* 80 C. C. A. 328 (150 Fed. 510), a prospective bankrupt assigned all of his book accounts and receivables to his wife and one Bulkeley. The assignment was made in Connecticut, but all of his accounts and the business were located in Michigan. The court said:

"The indorsed paper would probably be used there (Michigan), and the possession of the book accounts and bills remained with the assignor at that place, where also the possession to be taken by the assignee in the contingency stated would be likely to occur. We think the parties intended their contract should be carried out in Michigan, where the bankrupt and his business were located. We do not, therefore, stop to inquire what effect the law prevailing in Connecticut would have upon the transaction if it were applicable."

In the case at bar, the parties contemplated that the assignment would become effective in Michigan where the property was located. It follows that the law of Michigan is controlling as to the effect of the assignment upon the rights of plaintiffs. The case

of *In re Vanden Bosch's Estate,* 207 Mich. 89, is controlling upon this point. In this case Maartje Vanden Bosch died leaving a will. A petition was filed in the probate court of Ottawa county for the probate of the will. William Thiel was described therein as one of the heirs at law of said Maartje Vanden Bosch. After the death of Maartje Vanden Bosch, Thiel executed an assignment of his interests in the estate to Mrs. Maggie Vos Vercade. Mrs. Vos Vercade began an action to contest the will. We there said:

"We are of the opinion that the weight of authority is that a donee of an heir at law cannot acquire such an interest as to enable such donee to contest a will, and therefore conclude that the learned trial judge was correct in holding that Maggie Vos Vercade had no authority to prosecute the contest of the will."

In the case at bar, the primary purpose of plaintiffs was to contest the will of Effie M. Griffith and under the above authority they cannot prevail.

The decree of the trial court is affirmed, with costs to defendants.

BUSHNELL, C. J., and POTTER, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.