HARRIET McPECK, as Administratrix of the Estate of JOHN F. McPECK, Deceased, Plaintiff, *v.* RICHARD F. McCARTHY et al., Defendants.

Supreme Court, Special Term, Queens County, April 2, 1948.

*Leo Kessler* for plaintiff.

*John W. Trapp* for defendants.

DALY, J. The complaint herein contains a cause of action to recover damages for wrongful death and another cause of action for the pain suffered by the decedent prior to death. The first cause of action (for damages for wrongful death) contains, however, additional allegations to the effect that the plaintiff rescinded a settlement of the claim for damages and tendered the consideration received, when she discovered that she had been induced to settle the case by reason of certain fraudulent representations made by the defendants who refused to accept the return of the money received in settlement. The defendants now move pursuant to rule 90 of the Rules of Civil Practice, to require the plaintiff to separately state and number the alleged causes of action for wrongful death and to set aside the settlement and the release, on the ground of fraud, or, in the alternative, to strike out, pursuant to rule 103 of the Rules of Civil Practice, paragraphs 8–13, inclusive, of the complaint, which relate to the alleged fraud.

There is authority for stating in one cause of action facts alleging fraud in the settlement of a claim and facts for the recovery on the original liability (*Smith* v. *Irvin,* 108 App. Div. 218). The case above cited, however, involved an equity suit to set aside a settlement agreement and for a partnership accounting. In cases of the type involved in the action at bar, the plaintiff customarily sues on the original cause of action and says nothing about a settlement and release; if, however, the defendant pleads the release, plaintiff may seek leave to reply so as to allege fraud in the procurement thereof, or if no reply is ordered, may prove fraud at the trial without having specifically alleged it. The parties may have a separate trial with respect to the issues raised by the defense of a general release (*Gilbert* v. *Rothschild,* 280 N. Y. 66; *Barry* v. *Lewis,* 259 App. Div. 496). If, instead of pleading, the defendant adopts the alternative course, and moves pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice, to dismiss the complaint, because the cause of action has been released, the court may, pursuant to rule 108 of the Rules of Civil Practice, order a separate trial on the issue of fact as to the validity and applicability of such general release, in connection with which a jury may be demanded (*Barker* v. *Conley,* 267 N. Y. 43). Following such a trial, the findings of the court or the jury must be reported to Special Term for its action (*Campbell* v. *Muncie,* 246 App. Div. 633).

In light of the foregoing views, the motion of the defendants for an amended complaint, under rule 90 of the Rules of Civil Practice, is denied and the alternative relief granted so as to strike out the paragraphs in which fraud is alleged, but without prejudice to the plaintiff's raising the issue of fraud in respect to the settlement and release under the procedure hereinbefore outlined. The plaintiff apparently recognizes the practicability thereof, since in her brief, her counsel concludes as follows: '' We would have no objection to these paragraphs being stricken out, if the defendants will rely upon this release, and assume the burden of proving a good and valid general release. Thus, if the defendants claim that they have the burden of proving the general release and assume said burden by pleading the general release in a special defense, we have no objection.''

No amended complaint need be served. The present complaint may be marked with reference to the order which will be entered hereon. Settle order on notice.