5. Samuel Di Falco, S.
The petitioner, asserting a status as the widow of the deceased, seeks an order under section 20 of the Surrogate’s Court Act reopening the decree admitting the will to probate. In support of her application she relies upon the omission of the respondent executors to cite' her in the earlier proceeding. She admits it to be her purpose, in the event she is successful on this application, to relieve herself of her default in serving a notice of election to take against the will which was admitted to probate on September 24, 1952, an event of which she has been shown to have been fully cognizant though at the time she made no attempt to intervene in the proceeding.
Issue has been joined by the filing of an answer in which it is alleged that the petitioner and the deceased were never married and that she has voluntarily relinquished whatever *786 rights she might have had in his estate by an instrument executed by her as a release together with a written agreement of settlement which terminated an action she had instituted against the executors in the Supreme Court for moneys loaned to the deceased, for work, labor and services rendered, and for breach of an agreement allegedly requiring the respondents “to provide for plaintiff’s good care and support.” She was represented in that action and in the negotiations for settlement by competent counsel of her own selection.
The executors, pleading the agreement and release in bar, have moved for summary judgment dismissing the petition on the merits (Rules Civ. Prac., rule 113). The petitioner had previously filed her reply in which she had challenged the effectiveness of the instruments upon which the respondents rely. This being the state of the pleadings the court is called upon on this motion to decide as a matter of law whether the release and agreement would be sufficient in content and context to bar the petitioner from asserting rights to which she would be entitled were she in fact the widow of the deceased and if so, to determine whether an issue of fact exists in connection with the question as to whether the documents are nevertheless incapable of producing that result because of the circumstances surrounding their execution and exchange.
In this consideration of the question the court is at liberty to assume the validity of the marriage or to disregard its existence completely. The fundamental issue for determination involves the effect to be given to the instruments of release and that is a question permissible of solution on the present documents and pleadings without reference to the status or lack of status of the petitioner as the widow of deceased. Even conceding that position to her (for the purpose of this motion only) it would not necessarily follow that her presence before the court on the probate proceeding was indispensable to the acquisition of complete jurisdiction if she had theretofore bargained away her pecuniary interest in the estate. “None is authorized to contest the probate of a will except those interested in the estate, the heirs and next of kin. Even an heir or a next of kin may become as a stranger to the estate by having assigned all his interest therein or having released all his rights or prospective interests to the person making the will. * * * There has never been any question about the agreements made between the heirs or next of kin and the representatives of an estate after the death of a testator regarding settlements and compromises. These have always been held to be good, when made in good faith, and not against public *787 policy (citing cases).” (Matter of Cook, 244 N. Y. 63, 68, 69.) See, also, Matter of Browning (153 Misc. 564) where the court (Delehanty, S.) said (p. 570): “ Surrogate’s Court Act, section 314, subdivision 10, defines persons interested in an estate as those entitled absolutely or contingently to share in the estate in any capacity other than that of creditor. The interest which entitles one to participate in a probate proceeding must be a pecuniary interest therefore. (Matter of Cook, 244 N. Y. 63.) ”
This is not to say that a surviving spouse is not entitled to try out any issues relating to the validity of his or her claims against the estate or to test or attack the conclusiveness of assignments of such claims or interests. However, the present application provides the petitioner with an opportunity to avail herself of that remedy equally as appropriate as the proceeding for probate of the will so that denial of her application to reopen and intervene in the probate proceeding until the effect of the release is first determined could in no sense of the word be regarded as depriving her of her rightful day in court.
Coming now to consideration of the instruments to which the respondents look for support, their texts are reprinted below to the extent necessary for an understanding of the issues framed on the present motion.
ri]t being the intent hereof that this agreement and the said general release shall operate to discharge and terminate all liabilities or obligations of any nature or description in connection with and growing out of any of the causes of action set forth in said complaint or out of any transactions that plaintiff had with the decedent, Elias A. Cohen, or his estate or any of the numerous corporations or non-profit institutions in which he or his executors, individually or as executors had any interest.
* * •
GREETING: KNOW YE, THAT, I, MARIE BELLOTTI, sometimes known as MARIE B. ELLIOTT, for and in consideration of the sum of TWENTY THOUSAND DOLLARS ($20,000.00) lawful money of the United States of America to me in hand paid by the ESTATE OF ELIAS A. COHEN and ESTELLE FRINDEL, SAMUEL FRINDEL, WALTER COHEN and ALVIN T. SAPINSLEY, individually, and as Executors of the Estate of ELIAS A. COHEN, Deceased, the receipt whereof is hereby acknowledged, have remised, released, and forever discharged and by these presents do for myself, my heirs, executors, and administrators and assigns, remise, release and forever discharge the ESTATE OF ELIAS A. COHEN and ESTELLE FRINDEL, SAMUEL FRINDEL, WALTER COHEN and ALVIN T. SAPIN-SLEY, individually, and as Executors of the Estate of ELIAS A. C OBLEN, * * * from all, and all manner of action and actions, cause and causes of action, etc. * * * which against them or any of them I ever had, now have, or which I, my heirs, executors or administrators, hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents, including, particularly, without limiting the generality of the foregoing, claims, *788 demands or cause of action, arising out of an agreement bearing date, May 16, 1946 between the undersigned and Elias A. Cohen, as extended or renewed, or for monies loaned or advanced, or services rendered by me to or for, or at the request of Elias A. Cohen, or for damages for his failure to purchase an automobile for me.
These documents were duly acknowledged by all of the parties signatory including the petitioner.
The analysis may most appropriately commence with recognition of the problem’s susceptibility to the application of the rule that a release, general in terms and containing no limitations by way of recital or otherwise, must be deemed/ the only competent evidence of the agreement between the parties and, if fairly importing a general discharge, held to bar pre-existent claims of every description whether or not they had been discussed by the parties in the negotiations resulting in the execution of the instrument. (Kirchner v. New Home Sewing Mach. Co., 135 N. Y. 182; Lucio v. Curran, 2 N Y 2d 157.) Further, the agreement of release in this case is obviously so broad in scope as to deny resort by the petitioner to the exception that general words of release may under certain circumstances be limited by the recital of particular claims to demands ejusdem generis. (Mitchell v. Mitchell, 170 App. Div. 452; Simon v. Simon, 274 App. Div. 447.) Here the petitioner is confronted with a document which she executed upon the advice of counsel, knowing that in terms it provided that it was intended “ to discharge and terminate all liabilities or obligations of any nature or description in connection with and growing out of any of the causes of action set forth in said complaint or out of any transactions that plaintiff had with the decedent, Elias A. Cohen ” (emphasis supplied).' If this language could not be regarded as embracing claims growing out of a purported marital relationship between the releasor and the testator, it would be difficult to conceive of words which could. As a consequence the court is constrained to hold, subject to the matters discussed below, that the release is a complete defense denying to the petitioner the right to enforce the claims of a surviving spouse against the estate. (Frehe v. Schildwachter, 289 N. Y. 250; Frankenheim v. Altman & Co., 1 A D 2d 200.)
Without conceding the effectiveness of the release, the petitioner in her brief contends that her reply pleads fraud by the respondents in its procurement and so creates an issue of fact requiring a trial on the merits of the defense. If fraud has been effectively pleaded and were to. be established by the proof in support of the petitioner’s charge she would then be entitled to rescission of the release and so avoid it as a total bar to the *789 relief she seeks (Frankenheim v. Altman & Co., supra; Frehe v. Schildwachter, supra).
The reply in terms states (1) that “ the petitioner was erroneously led into the belief that she could not establish the said marriage and was not otherwise counseled or advised as to her right to assert her rights against the terms of decedent’s will; ” (2) “that at the time said agreement was made, the petitioner, then erroneously led to believe that she could not establish legal proof of her marriage with the decedent as aforesaid, the petitioner [sic] was under moral coercion and practical compulsion to settle the causes of action of which she then had legal proof; that said Walter Cohen acted unfairly and the petitioner yielded to the pressure of circumstances and it would he unconscientious [sic] and unfair for the executors to claim or avail themselves of their assertion that for Twenty Thousand ($20,000) Dollars she relinquished or surrendered her rights as decedent’s widow.”
Though poorly drawn and despite its additional defect resulting from the failure to make any reference to restitution as a condition to rescission of the release the pleading may nevertheless be said to “raise a triable issue of fact as to the understanding between the parties regarding * * * the basis for the release.” (Frankenheim v. Altman & Co., 1 A D 2d 200, 202, supra.) Under such circumstances this court feels itself under a duty to permit the petitioner to serve and file an amended reply containing a plain and concise statement of the specifications of fraud upon which she relies (Matter of Allan, 5 A D 2d 453; Shientag on Summary Judgment, p. 72; Downey v. Palmer, 114 F. 2d 116; Frankenheim v. Altman, supra; Finke v. Iris Cab Corp., 1 A D 2d 692). In the event the amended reply defines the issue with the requisite clarity demanded of all pleadings employed in proceedings in this court (Surrogate’s Ct. Act, § 49), the matter will then be set for trial for determination of the sole question remaining open in light of the decision here reached; namely, was the release, otherwise held to constitute a complete bar to the petitioner’s right to the relief she seeks, vitiated and rendered void because of actionable fraud exercised in its procurement? (Cf. McPeck v. McCarthy, 192 Misc. 767.)
Finally, the court need advert to but one more of the charges leveled by the petitioner against the release. It is, she states, defective as an instrument releasing the interest of one spouse in the estate of another because allegedly it was not executed in accordance with the formalities set forth in section 18 of the Decedent Estate Law apparently in the form in which that *790 section read at the time of the decision in Matter of McGlone (284 N. Y. 527). The argument finds no support in the authority cited, for section 18 deals exclusively with the waivers or releases of the interest of one spouse in the estate of the other executed, in the language of the statute, ‘ ‘ during the lifetime of the other.” Consequently, the section cited has no applicability to the agreement in suit which was executed by the petitioner subsequent to Mr. Cohen’s death. It might perhaps be noted, however, that the right of a surviving husband or wife to release, renounce, assign or surrender his or her interest in the estate of a deceased spouse subsequent to the latter’s death is undisputed. (Matter of Suter, 207 Misc. 1002; 6 Jessup-Redfield on Surrogate’s Law and Practice, §§ 4797, 4842.)
The motion for summary judgment is denied upon condition that within 10 days of the entry of the order hereon the petitioner serve and file an amended reply proper in form and containing an application to rescind and set aside the release. (Frankenheim v. Altman & Co., 1 A D 2d 200, 202, supra.) In the event of her failure to do so, the motion will be granted.
Submit order on notice.