Joseph A. Cox, S.
This is a motion by the proponent in the pending proceeding for probate of the will to strike out the notice of appearance and objections filed on behalf of assignees of a distributee of deceased, namely his widow. It appears that the testator’s surviving spouse had assigned to one of the assignees a $30,000 participation in her husband’s estate which thereafter he assigned to the- other respondent to the extent of $25,000. The respondents both allege that they purchased the interest from the proponent in reliance upon her statement, made in good faith, that her husband had died intestate. Subsequent to the time of the assignment, a will of the deceased was discovered and has been offered for probate. In its only significant dispositive provision, it provides for the establishment of a trust of the residuary estate with the income therefrom payable to the widow for life “ for her own personal use and for the use and benefit of our beloved son and daughter * * * as in her discretion may seem best during the life of my said wife ”. It is the position of the respondents that if this will were admitted to probate, the proponent’s interest in the estate would be nonassignable because of the prohibition of section 15 of the Personal Property Law against assignment of trust income by the beneficiary. They contend, therefore, that they are. entitled to oppose its admission to probate although conceding by their silence that the widow was innocent of any fraud when she reported to them that her husband had not left a will which she believed to be the fact at the time.
The assignability of an expectancy in an estate has long-been established (Matter of Strange, 164 Misc. 929 [Delehanty, S.]). Here, however, the widow’s interest was something-more than an expectancy because the assignment was made subsequent to her husband’s death and her rights as a surviving spouse had ceased to be inchoate subject only to a showing that *734 she was disqualified from sharing in the estate for one of the reasons enumerated in section 18 of the Decedent Estate Law. By her assignment she transferred to the respondents a specified portion of her interest and conferred upon them in respect of that portion precisely the same rights which she herself had possessed- and so qualified them to interpose objections to the will’s admission to probate as persons interested in the estate.
In only, one case, so far as the research of the court and counsel has disclosed, was the precise point involved on this application considered previously in a New York court. In Matter of Zimmerman (104 Misc. 516) the right of an assignee of a distributee to interpose objections to probate was upheld by Mr. Surrogate Fowler, late of this court. The majority rule supports this view (2 Page, Wills, § 617, p. 168; 2 Warren’s Heaton, Surrogate’s Courts, § 182, p. 624). The court finds itself in concurrence with the views of the late Surrogate Fowler. The motion is accordingly denied.
Submit order on notice.