S. Samuel Di Falco, S.
Testatrix who died on December 8, 1926 created a trust of her residuary estate with the income payable to her son, Lawrence Johnston, during his lifetime. A nephew, Cleveland Livingston Waterbury, also known as C. Livingston Waterbury, was a vested remainderman to the extent of one twelfth of the trust subject to being divested in the event that the income beneficiary died leaving issue surviving him. Lawrence Johnston died on April 27, 1958 without leaving issue surviving him while the intermediate accounting of the trustee was pending. The trustee then filed a supplemental account which is in the nature of a final account of the trust. Cleveland Livingston Waterbury had died on August 16, 1937, allegedly intestate, a resident of Texas, leaving him surviving a widow and four children. Frances Waterbury, his surviving spouse, on November 26, 1952 had assigned, to the extent of $30,000, all of her right, title and interest in and to the principal of the trust to which she was entitled as such surviving spouse. Her assignee subsequently reassigned this interest to three different persons. The assignment and reassignments were recorded in this court.
Limited letters of administration on the estate of Cleveland Livingston Waterbury were issued to Frances Waterbury by this court on February 19,1953. Subsequently and on March 24, 1954 a paper dated November 18, 1932 purporting to be the will of Cleveland Livingston Waterbury was filed in this court together with a renunciation of Grenville F. Waterbury, the executor named therein. On August 26, 1958 a petition for the probate of that instrument was filed by Frances A. Hilbert, formerly Frances Waterbury, with the request that letters of administration with the will annexed be issued to her. The propounded instrument creates a trust of all of the property of Cleveland Livingston Waterbury. The assignee and one of the subassignees of Frances Waterbury, now Frances Hilbert, appeared in that proceeding. The assignee filed objections to the probate of the propounded instrument. The petitioner moved to dismiss the notices of appearance and the objections upon the ground that such persons were not persons interested in the estate. They opposed upon the ground that they have financial interests which would be adversely affected by the probate of the instrument. The motion was denied (Matter of Waterbury, 18 Misc 2d 732). That proceeding is still pending.
*75 The assignee and the three subassignees of Frances Waterbury filed an answer to the petition in the intermediate accounting herein. One of the subassignees also filed a separate answer. They requested that the court determine that the assignment and subassignments are valid and are not affected by the instrument purporting to be the will of Cleveland Livingston Waterbury. The trustee moved to dismiss those answers under rule 110 of the Rules of Civil Practice upon the ground that the defenses, counterclaim or relief prayed for may not be properly interposed in this proceeding, or, in the alternative, dismissing the answers and directing that the trustee pay the remainder share of Cleveland Livingston Waterbury to the then acting fiduciary of his estate. After the filing of the supplemental petition the assignee and two of the subassignees of Frances Waterbury filed an answer thereto. The other subassignee filed an amended answer to the petition and an answer to the supplemental petition. These answers request that, the assignment and subassignments be held to be valid and unaffected by the purported will of Cleveland Livingston Waterbury, that distribution to the fiduciary of his estate be denied and that distribution be made directly to the subassignees. A stipulation has been submitted providing that the motion addressed to the original answers may be considered as directed to the subsequent answers to the supplemental petition.
The assignment involved was not that of a remainderman of the trust herein but of his surviving spouse executed before the death of the life income beneficiary. Now that the life income beneficiary has died without issue surviving him the remainder interest of Cleveland Livingston Waterbury has become absolutely vested and his estate is entitled to one twelfth of the principal of the trust. If the will of Cleveland Livingston Waterbury is admitted to probate then his estate will be held in trust. Any determination of the validity and effect of the assignment executed by Frances Waterbury, and of the reassignments thereof, and of the rights of creditors and any other persons interested therein, should be made in the estate of Cleveland Livingston Waterbury.
The court therefore determines that the two answers attacked on this motion should be dismissed, to the extent that the validity and effect thereof cannot be determined herein, and that the decree settling the account of the trustee will direct that the remainder share of Cleveland Livingston Waterbury be paid to the then acting fiduciary of his estate. Submit order on notice.