YINGLING *v.* SMITH, Executor of the
Estate of John N. Yingling

[No. 319, September Term, 1968.]

*Decided June 27, 1969.*

The cause was argued before HAMMOND, C. J., and
MARBURY, MCWILLIAMS, FINAN and SINGLEY, JJ.

*Robert J. Cooke* for appellant.

*Donald M. Smith* and *William B. Dulaney,* with whom
were *Dulaney & Davis* on the brief, for appellee.

Amicus curiae brief filed by Sandy mount Methodist
Church. *T. Bryan McIntire* and *J. Robert Johnson* on the
brief.

SINGLEY, J., delivered the opinion of the Court.

This appeal from the Orphans' Court for Carroll County presents a novel question: May an assignee of the next of kin or heir at law of a testator maintain a caveat action against the testator's will?

The facts which gave rise to the controversy can be briefly told. On 18 March 1968, John N. Yingling (John) died domiciled in Carroll County, Maryland, unmarried and without issue, survived by a brother, Wilbur F. Yingling (Wilbur) as his only next of kin and heir at law. On 17 March 1967, John had executed a will under which he left $10.00 to Wilbur; $10.00 to Wilbur's son, William G. Yingling (William); $1,000.00 to his other son, Clifford F. Yingling (Clifford); $5,000.00 to Carroll County General Hospital; and the residue of the estate to Sandymount Methodist Church, at Finksburg, Maryland.

The will was admitted to probate on 19 March 1968. On 2 May, Clifford, Wilbur's son and John's nephew, filed a petition and caveat attacking the validity of the will on the usual grounds of undue influence, lack of testamentary capacity, fraud and revocation, and more specifically on the ground that John's will was violative of an agreement which John had entered into with his sister Grace, who had predeceased him, under which John and Grace had undertaken to draw mutual wills. No proffer was made of John's earlier will, which presumably had been drawn in conformity with the alleged understanding between John and Grace, and inferentially, at least, made more generous provision for Clifford and William.

John's executor answered the petition and caveat, denying Clifford's allegations, and asserting that Clifford lacked the standing required to prosecute his caveat. It would appear that Clifford now concedes that he has no standing in the absence of proof of the prior will. Later, Clifford sought to have issues transmitted to a law court for trial by jury. John's executor moved to dismiss, and at the hearing on the motion, there was introduced in evidence the following assignment:

"KNOW ALL MEN BY THESE PRESENTS:

"That for and in consideration of the natural love and affection which I have for my children, I hereby give and assign all my right title and interest in and to the Estate of John N. Yingling, deceased, whether it be as legatee, devisee, heir-at-law or next of kin, unto my two sons, William G. Yingling and Clifford F. Yingling, equally.

"As witness my hand and seal, this 4th day of April, 1968.

| "Robert J. Cooke | Wilbur F. Yingling | (SEAL) |
| --- | --- | --- |
| Witness: | Wilbur F. Yingling" | |

From an order of the orphans' court, entered at the conclusion of the hearing, dismissing the petition and caveat, Clifford has appealed.

There is no doubt that Wilbur, as John's next of kin and heir at law, had standing to contest John's will. The rule of the Maryland cases is succinctly put in Sykes, *Contest of Wills in Maryland* (1941) § 4 at 5:

"There is no statute in Maryland describing or specifying the persons who may caveat wills, but the question has been passed upon in a number of cases. The general rule deducible from these decisions is, that any person having an interest in the property of a testator, in the event that the will is annulled, has the right to caveat his will, whether his interest arises from his relationship to the decedent, as in the case of an heir, or is acquired under the provisions of a prior will."

*See also, Johnston v. Willis,* 147 Md. 237, 127 A. 862 (1925); *Brewer v. Barrett,* 58 Md. 587 (1882); 16 Md. L. Rev. 61 (1956). Nor is there any question that Wilbur could validly assign whatever interest he had in John's estate to William and Clifford. The question is, whether Wilbur's right to caveat is a personal one, which could

not be assigned, or is a property right which flowed to his sons with the assignment of his interest.

On this question, the authorities are divided. Page 3 on Wills (Bowe-Parker Revision, 1961) § 26.59 at 133-34. A majority of states hold that the right to contest a will is a property right, assignable and descendible. *Allen v. Pugh*, 206 Ala. 10, 89 So. 470 (1921) ; *Elmore v. Stevens*, 174 Ala. 228, 57 So. 457 (1912) ; *In re Field's Estate*, 38 Cal. 2d 151, 238 P.2d 578 (1952) ; *In re Baker's Estate*, 170 Cal. 578, 150 P. 989 (1915) ; *Foster v. Jordan*, 130 Ky. 445, 113 S.W. 490 (1908) ; *In re Estate of Waterbury*, 189 N.Y.S.2d 32, 18 Misc. 2d 732 (Surr. Ct. 1959) ; *In re Cohen*, 177 N.Y.S.2d 245, 12 Misc. 2d 784 (1958), *aff'd* 178 N.Y.S.2d 1017; *Carthage Dev. Co. v. Cushman*, 166 N.Y.S. 483, 101 Misc. 57 (1917) ; *In re Thompson's Will*, 178 N.C. 540, 101 S.E. 107 (1919) ; *Chilcote v. Hoffman*, 97 Ohio St. 98, 119 N.E. 364 (1918) ; *Logan v. Thomason*, 146 Tex. 37, 202 S.W. 2d 212 (1947) ; *Komorowski v. Jackowski*, 164 Wis. 254, 159 N.W. 912 (1916) ; *but compare, Strickland v. Sellers*, 78 F. Supp. 274 (N.D. Tex. 1948) ; *Savage v. Bowen*, 103 Va. 540, 49 S.E. 668 (1905) ; *Ingersoll v. Gourley*, 78 Wash. 406, 139 P. 207 (1914) ; *Childers v. Milam*, 68 W. Va. 503, 70 S.E. 118 (1911). A minority takes the contrary view, that the right to contest is a personal one, which is not assignable and dies with the contestant. *Pierce v. Felts*, 148 Ga. 195, 96 S.E. 177 (1918) ; *In re Vanden Bosch's Estate*, 207 Mich. 89, 173 N.W. 332 (1919) ; *Butts v. Ruthven*, 292 Mich. 602, 291 N.W. 23 (1940) ; *Campbell v. St. Louis Union Trust Co.*, 346 Mo. 200, 139 S.W.2d 935 (1940) ; *Ligon v. Hawkes*, 110 Tenn. 514, 75 S.W. 1072 (1903).

Illinois was a member of the minority, *McDonald v. White*, 130 Ill. 493, 22 N.E. 599 (1889) ; *Cassem v. Prindle*, 258 Ill. 11, 101 N.E. 241 (1913) ; *Havill v. Havill*, 332 Ill. 11, 163 N.E. 428 (1928), until the passage of a 1929 statute. 2 De Paul L. Rev. 257 (1953). In Iowa, it would appear that only an assignee who takes an assignment after the death of the testator can contest. *Burk v.*

*Morain,* 223 Iowa 399, 272 N.W. 441 (1937), Note, 27 Iowa L. Rev. 443, 447 (1942).

So far as we have been able to ascertain, this question has never before been directly presented in Maryland, although inferences may be drawn from at least two of our prior decisions. In *Lee v. Keech,* 151 Md. 34, 133 A. 835, 46 A.L.R. 1488 (1926), this Court held that a judgment creditor lacked the interest necessary to permit him to caveat the will of the debtor's ancestor. In that case, the Court said, speaking through Chief Judge Bond:

> "* * * Not all interests in the debtor's property will support a caveat; all authorities agree that the interest of a general creditor is not sufficient; that there must be more than the mere right a general creditor has to pursue the property, with a privilege of ultimately requiring payment of his debt from it. *In our opinion, the legal requirement is that there must be, in addition, such an interest gained in the property as will give the creditor a part of the sum total rights of ownership.*" (Emphasis supplied) 151 Md. at 36

The late Judge Philip L. Sykes, formerly Chief Judge of the Orphans' Court of Baltimore City, in Sykes, *supra,* § 4 at 7, cites *Lee v. Keech,* as authority for the proposition, "In order to caveat the ancestor's will, a creditor must have such an interest in the heir's property as will give him [the words of *Lee*] 'a part of the sum total rights of ownership' " and then adds in a significant footnote, "Probably such as by an assignment."

John's executor relies on the reverse of the inferential coin, which he finds in *Diffenderffer v. Griffith,* 57 Md. 81 (1881). In that case, Diffenderffer and his wife filed a caveat to the will of Sarah A. Griffith. Before the issues came on for trial, Mrs. Diffenderffer died. A suggestion of death was made, and an order was entered remanding the issues to the orphans' court in order that they might be reframed to reflect the death of Mrs. Diffenderffer.

This Court held that the action was not abated by the death of one of two caveators, but that the surviving caveator could proceed with the trial. In the course of its opinion, the Court pointed out that the right to prosecute Mrs. Diffenderffer's caveat did not devolve on her husband, as her executor "* * * because her right was purely personal and died with her."

It is this phrase that John's executor finds comforting. We do not share his view. When *Diffenderffer* was tried, a court of law had no power, upon a suggestion of death, to substitute new parties in the place of the deceased. This was remedied by the enactment of Ch. 51 § 1, subsection 215 A of the Laws of 1890, subsequently codified as Art. 93 §§ 218, 219, 226 and 234, respectively in the Codes of 1904, 1912, 1924 and 1939 and § 234 of the Code of 1951:

> "Whenever after issues granted any party thereto dies, the court to which they are sent may admit as a party to such issues the proper representative, whether as to realty or personalty, namely, devisee, heir, executor or administrator of the party so dying in the place of such party, and the orphans' court shall have the same right at any time after filing a petition before the issues are sent."

This statute, although repealed by Ch. 399 of the Laws of 1957, has been retained in substance in Maryland Rule 220 a 3:

> "An appeal from a judgment rendered by a People's Court, trial magistrate or justice of the peace, and a trial of issues sent from an Orphans' Court, shall not abate by the death of a party."

and Rule 220 c 1:

> "The successor in interest of any deceased party may appear, and, by motion in writing,

suggesting the death of the decedent, be made a party to the action in place of such decedent, and prosecute or defend the same. Such motion shall be granted as of right."

*See also, Kuenne v. Kuenne,* 219 Md. 101, 148 A. 2d 448 (1959); Sykes, *supra,* § 44 at 52-53 and footnotes 27 to 31.

We think that the holding in *Diffenderffer* must be confined to its facts, and that Maryland, since 1890 has aligned itself with the majority view that the right to caveat is a property right which is descendible as well as assignable.

We conclude that Clifford F. Yingling, as assignee of his father, could maintain the caveat action, and that the orphans' court erred when it dismissed his petition.

> *Order reversed; costs of this appeal to be paid from the estate in the hands of the appellee, costs below to abide the outcome of the caveat case.*