IN THE MATTER OF THE PROBATE OF THE WILL OF M. J. FALLON, Deceased, D. D. MURPHY, Proponent, Against NOAH FALLON, Contestant, Appellant.

**Will Contest:** RIGHT OF WIDOW TO MAKE. Testator gave his widow one-third of his estate in lieu of her distributive share, certain personal property to his mother and the residue to a child of his and of said widow. The executor was given the management of the child's property and the will provided that in case of its death before majority that its share should then go to the testator's sisters. *Held*, as the widow could obtain her lawful share of the estate in spite of any will, she had no need to set any will aside and had no standing to contest though she instead of testator's sisters might by possibility have been the heir of her child if there were no will and though she might, were there no will, have been entitled to administer on the estate.

*Appeal from Clayton District Court.*—HON. A. N. HOBSON, Judge.

SATURDAY, DECEMBER 17, 1898.

PROCEEDINGS for the probate of the will of M. J. Fallon, deceased. The widow of the decedent filed objections to the will, but she was held not to have such an interest in the estate as to be entitled to contest the will. From that holding she appeals.—*Affirmed*.

*James O. Crosby* for appellant.

*J. E. Corlett* and *D. D. Murphy* for appellee.

ROBINSON, J.—In April, 1897, an instrument in writing which purported to be the last will and testament of Michael J.

Fallon, deceased, was filed in the office of the clerk of the district court of Clayton county, for probate, by D. D. Murphy, who was named therein as executor. The will gave to the widow of the testator one-third of his estate, in lieu of her distributive share therein; to the mother of the testator, his watch, clothing, violin, and property described as "other things personal, of my own, and things received from her;" and to his child, Sarah Marie Fallon, the remainder of the estate. The will further provided that the executor should have possession and control of the property given to the child, and invest it for her use until she should become of age, when it was to be delivered to her; but, in case of her death before attaining her majority, the share set apart for her was to go to four sisters of the testator, who were named. The widow of the testator objected to the will on the alleged ground that when it was made the testator was of unsound mind, and incapable of making a will. We are required to determine whether she had such an interest in the estate of the decedent as entitled her to contest the will.

I. Section 2452 of the Code of 1873, under which the question before us arose, is as follows: "The widow's share cannot be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will by other parties interested in the estate, which consent shall be entered on the proper records of the circuit [district] court." Under this provision the widow was entitled to the share of the estate of her husband which she would have had in case he had died intestate; and that is true of the property bequeathed to the mother of the decedent, as well as of the remainder of the estate. Therefore, it was not necessary for her to have the will set aside, in order to obtain the share of the estate which the law gave her. That is not denied, but it is said that, if the will is established, she will be compelled to resort to another action in order to obtain the property to which she would be entitled. That would not be true, unless other persons assert claims which are not author-

ized by law. It must be presumed that all persons will abide by the law, and that no adverse claim will be made to any property to which the contestant is entitled, whether she does or does not elect to take under the will.

II. It is contended that the appellant should be permitted to contest the will, for the reason that, under its provisions, in case of the death of the child before she attains majority her share will go to the sisters of the decedent, instead of to the appellant, as it would if the will be set aside. But that does not show that the appellant has any interest in the estate of the decedent of which his will deprives her. She has no assurance that she will inherit from the child; and, if it can be said that she has any interest in what the will gives to the child, it is at best but a remote, contingent interest, which, under certain conditions which may never exist, might become an actual and vested right. But that is not such an interest as authorizes her to contest the will. If this were not so, then any person standing in such relation to the heir of a decedent as that he might, under possible conditions, inherit from that heir, would have the right to contest the will of such decedent, if it deprived the heir of the property which would have descended to him if the will had not been made. Such a rule would tend to introduce into the settlement of the estates of deceased testators great uncertainty and confusion, and is not, we think, sanctioned by the law. See *Kostelecky v. Scherhart,* 99 Iowa, 120; *Middledith v. Williams,* 47 N. J. Err. & App. 293 (21 Atl. Rep. 290); *Franke v. Shipley,* 22 Or. 104 (29 Pac. Rep. 268). The will gives to the executor the possession of the property given to the daughter, and the right to invest it until she shall attain her majority, whereas, if there were no will, the property, on the settlement of the estate, would pass into the hands of the guardian of the minor, and it may be, although we do not so decide, that a contest of the will in behalf of the minor might properly have been instituted; but, if it be true that the interests of the minor would have been better conserved by a guardian than by the executor, that fact

would not authorize a contest by the appellant. The case of *Lloyd v. Circuit Judge,* 56 Mich. 236 (23 N. W. Rep. 28), is relied upon as supporting the claims of the appellant upon this branch of the case; but, so far as that is true, we must decline to follow it. The decision in that case was based in part upon the fact that in Michigan a father had a right to appoint by will a guardian for his minor children, but testamentary guardianship is not authorized by the law of this state. *In re Johnson,* 87 Iowa, 130; *In re Guardianship of O'Connell,* 102 Iowa, 355.

III.   Section 2354 of the Code of 1873 provided that, where an executor was not appointed by will, administration should be granted "(1) to the wife of the deceased; (2) to his next of kin; (3) to his creditors; (4) to any other person whom the court may select." And section 2356 provided that "to each of the above classes in succession, a period of twenty days, commencing with the burial of the deceased is allowed within which to apply for administration upon the estate." It is said these provisions gave to the appellant a right to administer upon the estate, which entitles her to contest the will, which, if enforced, deprives her of that right. It was said in *In re O'Brien's Estate,* 63 Iowa, 622, that, if the wife be competent to discharge the trust, she has a paramount right to the appointment, although the court, of necessity, has some discretion in such cases. But we do not think the right to administer upon an estate conferred by statute gives the widow such an interest in the estate as to entitle her to contest the will. Since her share cannot be affected by the will without her consent, her interest in the administration of the estate is little more than that of a stranger. Although, as a mother, she may be interested in the share of the daughter, yet, as we have seen, that interest is not sufficient as a basis for a contest. It has been held that a person, as an administrator or executor, who is merely interested in the fees of administration, is not entitled to contest the will. *Hemsted v. Ferry,* 107 Iowa, 117; *In re Sanborn's Estate,* 98 Cal. 103

(32 Pac. Rep. 865) ; *In re Hickman's Estate,* 101 Cal. 609 (36 Pac. Rep. 118). See, also, *Maurer v. Maurer's Ex'rs,* 5 Md. 324. We conclude that the action of the district court in refusing to permit the appellant to contest the will in question was correct, and it is AFFIRMED.