I. J. BURK, Appellant, v. COLONEL E. MORAIN et al., Appellees.

No. 43842.

APRIL 6, 1937.

Graham & Graham, for appellant.

Charles E. Hird, Francis L. Cudahy and R. G. Howard, for appellees.

MITCHELL, J.—I. J. Burk commenced this action in equity to set aside the probate of the will of Susan E. Morain and to declare the same void on the grounds of incompetency and undue influence. In his petition he alleged that Colonel E. Morain is a son of Susan E. Morain, deceased, and, as one of the seven children and heirs at law, he would be entitled to inherit one-seventh of her estate if it had not been for the will executed by his mother. He further alleged that on the 12th day of May, 1921, Colonel E. Morain, together with his wife, Minta Morain, made, executed and delivered to him their certain written deed of assignment, by the terms of which they did assign to him as security for a certain sum of money, to wit: $1,165.87, all of their undivided interest and right of inheritance in and to certain real estate described therein and at that time the property of Susan E. Morain, the mother of Colonel E. Morain, and that she retained title to said real estate until the date of her death on the 7th day of June, 1933; that the assignment had been duly filed for record in the office of the county recorder of Green county on the 13th day of May, 1921. Burk then alleged that the will of Susan E. Morain was admitted to probate but he had no knowledge or notice of said proceeding, and that the time the said pretended last will and testament was executed, to wit: December 24, 1932, the said Susan E. Morain was incompetent and of unsound mind. Under the terms of the said will Colonel E. Morain was disinherited, and the property which had been assigned to the plaintiff as security for the money he had loaned was left to others. The plaintiff therefore prayed that the order admitting the paper, instrument or document purporting to have been signed by Susan E. Morain as her last will and testament, be set aside, cancelled and held for naught; that it be found, determined and adjudged that the said Susan E. Morain was of such unsound mind and so incompetent as to be unable to declare and

publish the purported will to be her last will and testament; that it be adjudged and decreed that the estate of Susan E. Morain descend to the children and heirs at law, in the manner and form as provided by law as if she had died intestate.

The defendants filed a motion to dismiss, setting up certain grounds, including the following: that said action was not brought by an heir at law or person entitled to inherit from the said Susan E. Morain, deceased, but was brought by an alleged creditor, who had no right in law or in equity to contest the will of said decedent as a creditor of an heir at law.

The trial court sustained the motion to dismiss. Plaintiff in open court elected to stand on the petition as filed and refused to plead further. Judgment was accordingly entered, and the plaintiff has appealed to this court.

The question which confronts us here is whether or not the deed of assignment executed by Colonel E. Morain to I. J. Burk creates in Burk such a right, title or interest in the estate of Susan E. Morain as would permit him to contest the will.

The appellant concedes that an action to set aside the will can only be brought by one who has such a beneficial interest in the property of the estate that, if the will be set aside, he may avail himself of such interest. In other words, it would be without effect to permit one who had no interest in an estate, to contest the will. It is appellant's claim that, if the will is set aside, the deed of assignment will be operative against the interest of Colonel E. Morain in the estate of his mother, Susan E. Morain.

The question is an exceedingly interesting one and one upon which the authorities are in conflict. However, we are not without precedent in Iowa in regard to it.

In the case of Gannon v. Graham, 211 Iowa 516, at page 519, 231 N. W. 675, 676, 73 A. L. R. 1050, the late Justice Morling, speaking for the court, said:

"An assignment of such an expectancy, though it will be carefully scrutinized, and is not favored, yet, if it is made in good faith, for an adequate consideration, and without fraud, and if it is not otherwise unconscionable or invalid, will be sustained and enforced in equity. * * *

"The assignment was executed merely by way of security. If operative at all, it was as a mortgage, incidental to the debt."

And, 211 Iowa 516, at page 526, 231 N. W. 675, 679, 73 A. L. R. 1050:

"In the case of an assignment of mere expectancy,—at least when not assented to by the ancestor,—no present existing property right in the assignor exists or is assigned. The assignor may die in the ancestor's lifetime. In such case, his heirs would take, not from him, but from the remote ancestor. 18 Corpus Juris 817; McAllister v. McAllister, 183 Iowa 245, 167 N. W. 78. A will may be made disinheriting him. The estate itself may, in the ancestor's lifetime, be dissipated. The assignor in these conditions can have not even a potential interest in the estate. He has an expectancy or possibility only. If the assignment is made and received in good faith, for an adequate consideration, and without fraud, and is not otherwise unconscionable or invalid, equity will sustain and enforce it as a contract to assign. In the case before us, however, the purported contract could in no event be given effect other than as a contract to assign. Such assignment is, therefore, executory only, and subject to contingencies, and incident to the debt. * * *

" 'But until the event has happened, the party contracting to buy has nothing but the contingency, which is a very different thing from the right immediately to recover and enjoy the property. He has not, strictly speaking, a *jus ad rem*, any more than a *jus in re*. It is not an interest in the property; but a mere right under the contract. Indeed, the same effect takes place in such cases if there be an actual assignment; for, in contemplation of equity, it amounts, not to an assignment of a present interest, but only to a contract to assign when the interest becomes vested.' "

At page 527 of 211 Iowa, page 679 of 231 N. W., we find the following:

"The assignee takes presently no title or interest whatever. He takes nothing at law. His sole remedy is to go into equity and enforce that which is, for the purpose of doing equity, construed as a promise to convey the property, or to hold it in trust if and when it shall be acquired.

"Until the death of the ancestor, the assignee has only a possibility, which, on the ancestor's death, is, on equitable principles, particularly on the maxim that equity considers that done

which ought to be done, transmuted into an interest in the property which the assignor may be decreed to hold in trust. On this theory, there is in existence prior to the death of the ancestor only a possibility, and an imputed agreement to transmute the possibility into a property right on the contingency that the property right matures.''

The assignment in the case at bar was similar to the one in the case of Gannon v. Graham, supra. It was given as collateral security for a debt. This court said in the cited case that there was no present lien which passed to the trustee in bankruptcy of the assignor, which was enforceable by said trustee. Thus, all that the appellant obtained under the assignment of Colonel Morain was a contract that he would assign his interest in this real estate if and whenever it descended to him as heir at law of his mother. The right of appellant to go into a court of equity to enforce the contract to convey was contingent upon the Colonel inheriting an interest in this property. The appellant did not obtain, under said assignment, an interest in the property of Susan E. Morain, and it follows as a matter of logic that he had no interest in her estate after her death.

After the death of Susan E. Morain, appellant would have had a cause of action in equity against the Colonel, to enforce the promise or covenant of the Colonel to assign his interest in the land described in the assignment and of which his mother died seized, if the Colonel had in fact inherited from his mother any interest in said property. As the Colonel was disinherited by his mother under her will, this contingency never occurred. The assignment was valid only for the purpose of enforcing the covenants of the Colonel to assign any interest he might inherit from his mother, and that cause of action did not accrue on said covenant until he did in fact inherit some interest in the property of his mother, described in said assignment. Whether or not he would inherit anything from his mother was contingent upon his outliving her and that she did not disinherit him or dissipate or dispose of her property during her lifetime. The rights that appellant has, or had, under such assignment, were subject to such contingency.

The rule in Iowa is that assignments of expectancies are not favored and will be closely scrutinized. They will, however, be sustained and enforced in equity as a mere executory promise on

the part of the assignor to assign what property he does in fact inherit, if they are made in good faith and for an adequate consideration and without fraud, and if not otherwise unconscionable.

This court in Gannon v. Graham, supra, said, 211 Iowa 516, at page 528, 231 N. W. 675, 680, 73 A. L. R. 1050:

"It would not altogether harmonize with the rule of this jurisdiction that assignments of such expectancies are not favored. We are not disposed to enlarge the field of recognition of them."

The appellant obtained under said assignment no interest in the estate of Susan E. Morain, and, as he had no such interest, he has not the right to contest the will.

Why a judgment creditor of an heir has no right to contest the will of an ancestor can be no better stated than in the following quotation from Shepard's Estate, 170 Pa. 323, 32 A. 1040, 1041, cited in 46 A. L. R. 1491:

"We are of opinion that a creditor of an heir is not a party interested, as designated by the statute. We will not undertake, in the absence of express legislation, to give such scope to this language as is claimed by appellee for it; will not invite every disappointed creditor of every heir and legatee to contest the will of a parent who has attempted to provide for those dependent for subsistence on a thriftless son. For no line can be drawn which will limit the grounds of contest, if a creditor of an heir be a party interested; incapacity, undue influence, as well as fraud, may be alleged by any one of hundreds of creditors; such an interpretation would increase indefinitely the number of litigants; it would be in the power of anyone to tie up large estates, although the interest of the debtor heir might be comparatively small."

And in the case of Bank of Tennessee v. Nelson, 3 (Head) Tenn. 634, at page 637, we find:

"No one, without an interest in the estate can contest a will or call it for a re-probate. The complainant is only a creditor of one of the devisees, and can only act upon his rights. The debtor is content with the will, chooses to avail himself of no objection to it that may exist, although it reduces a fee in the land to which

he would be entitled by law, to a remainder interest. If he acquiesces in its validity by waiving his right to object and contest it, for the incompetency of attesting witnesses, or on any other ground, how can his creditor, who has to pass through him, to reach the property, make the objection for him?''

The language of the two last cited cases shows that the statutes there under consideration were similar and required the same construction as Iowa Code section 10967. The appellant, under the law of this State, is in no better position than he would have been as a judgment creditor. A judgment creditor does not obtain a lien on real estate until it is vested in the judgment debtor. A judgment creditor of a prospective heir would have no lien until the ancestor died and the property passed to the heir by descent or devise. If the heir was disinherited by will, there would be no property to which the lien attached, and the mere fact of disinheritance of the heir would not give such an interest in the estate of the ancestor as would entitle him to contest the will. To hold otherwise would bring on an avalanche of will contests by parties who held small judgments against certain heirs, thus forcing the estate to defend these contests and to enter upon expensive litigation, for, we all know that will contests are expensive, not alone to the contestant but to the estate itself.

The appellant in the case at bar had only an assignment of the Colonel's interest in his mother's estate, this as security for an indebtedness. The mother made a will, disinheriting the son. He does not object to that will, and his creditor has no legal right to object. It therefore follows that the lower court was right in sustaining the motion to dismiss, and its judgment must be, and it is hereby, affirmed.—Affirmed.

RICHARDS, C. J., and all Justices concur.