In the Matter of the ESTATE OF Perry PEARSON, Deceased.

Margaret Rose PEARSON, Appellant,

v.

John L. PEARSON, Perry Dean Pearson, William Pearson, Theodore Wesley Pearson, Erik Jon Pearson, Craig Elliot Pearson and Britta Sue Pearson, Appellees.

No. 67464.

Supreme Court of Iowa.

May 19, 1982.

Joseph L. Fitzgibbons of Fitzgibbons Brothers, Estherville, for appellant.

Richard D. Zito and Daniel E. DeKoter of Corcoran, Skiver & Zito, Sibley, for appellees.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

SCHULTZ, Justice.

This is an appeal from the pretrial dismissal of a petition to set aside a will. Margaret Rose Pearson, plaintiff, filed a petition to set aside the will of her deceased father-in-law, Perry Pearson. Her husband, Dean Pearson, was not a beneficiary under his father's will, and did not contest the will, even though he had been a beneficiary under a prior will. The district court sustained a motion to dismiss filed by the beneficiaries under the will on the basis that plaintiff was not an interested party under section 633.308, The Code, and therefore lacked standing to contest the will. We affirm.

In reviewing a ruling on a motion to dismiss, we construe the pleadings in the light most favorable to the pleader. *Murphy v. First National Bank of Chicago*, 228 N.W.2d 372, 375 (Iowa 1975). In this case the parties have also made certain concessions, which have not been contested on appeal. The pleadings and concessions reveal that plaintiff claims to be interested in the decedent's estate but concedes that she is not an heir at law or a beneficiary under any prior will of the decedent. She maintains that because of marital problems experienced by her husband and herself, her husband and his brother conspired to unduly influence the decedent so as to limit marital assets, thereby limiting the size of the property division that will be made in her pending dissolution action. The probate file reflects that decedent died on December 22, 1980. The parties agree that: plaintiff's husband was a beneficiary under a prior will; he is not a beneficiary under the will in question, dated July 27, 1978; he is barred from contesting the will by section 633.309, The Code; and the pending dissolution between plaintiff and her husband was commenced on April 28, 1981.

The sole issue presented for resolution by this court is whether a testator's daughter-in-law has standing to contest the will when her claim as an interested person is derived from a pending dissolution action commenced after the testator's death. Plaintiff claims she has a beneficial interest because she would receive a pecuniary benefit in her dissolution action if her husband received a one-half interest in the decedent's estate. She claims that she would receive larger awards of property, alimony, and child support in the dissolution action if her husband's financial situation were improved to that extent. Defendants, the beneficiaries under the will, however, claim that a will contestant has standing to contest a will only when the setting aside of the will itself results in an interest in the decedent's property, not merely the potential for acquisition of an interest at a later date. Defendants claim plaintiff has only a contingent interest, rather than a present interest, in the estate.

Statutory authority to contest a will is provided in section 633.308, The Code, which states in pertinent part: "Any *interested person* may petition to set aside the probate of a will by filing a written petition in the probate proceedings . . . ." (Emphasis added).

We have held that beneficiaries under a prior will have standing to contest a subsequent will under section 633.308. *See In re Estate of Herm*, 284 N.W.2d 191, 200 (Iowa 1979); *Frazier v. State Central Savings Bank*, 217 N.W.2d 238, 239 (Iowa 1974). However, we did not elaborate on the scope of the definition of "interested person." Prior to the enactment of section 633.308 this court had discussed the interest required to possess standing to contest a will. *See In re Estate of Duffy*, 228 Iowa 426, 432, 292 N.W. 165, 168 (1940); *Burk v. Morain*, 223 Iowa 399, 401–04, 272 N.W. 441, 442–44 (1937); *In re Will of Fallon*, 107 Iowa 120, 122, 77 N.W. 575, 575–76 (1898). In *Fallon* the mother of a living heir claimed standing based on the fact that she would inherit from her child if the child died. Her claim was rejected, however, on the basis that, at best, she had a contingent interest. 107 Iowa at 122, 77 N.W. at 576. In *Burk* the court held that an assignment of an expectancy by a prospective beneficiary did not give the assignee a "beneficial interest" because the assignment did not accrue until he did in fact inherit. 223 Iowa at 401–03, 272 N.W. at 442–44. In *Duffy* we stated that standing required a "beneficial interest" and that "[a] 'beneficial interest' is one of value, worth, advantage, or use to a person." 228 Iowa at 432, 292 N.W. at 168. We held that a judgment creditor of a son of the decedent had such an interest since the son's interest as an heir vested instantly on the death of the father, and at the same instant the judgments against the son became liens on his share of the devised real estate. *Id.* at 435, 292 N.W. at 169.

An "interested party" under section 633.308, or under our previous case law, must have an immediate interest rather

than a contingent interest, which may never vest.

The rule is well established that persons not otherwise qualified do not have the right to contest a will or maintain suit for revocation of its probate by virtue of their status as husband or wife, or as prospective heirs or next of kin, of a living person who is entitled to, but does not, exercise the right to contest the will or consent to a contest by others. Neither husband nor wife can contest the will of the other's relative while the other is living and declines to do so.

80 Am.Jur.2d *Wills* § 906 (1975) (footnotes omitted). The spouse does not acquire such an interest either by relationship or as a prospective judgment holder in a dissolution action. Accordingly, we hold that the trial court correctly sustained defendant's motion to dismiss.

AFFIRMED.