In the Matter of the ESTATE OF Marion Cynthia OELBERG, Deceased;

Sharon HAARS, Plaintiff-Appellant,

v.

Duane Charles OELBERG and Joyce Ann Cain, Executors of the Estate of Marion Cynthia Oelberg, Defendants-Appellees.

No. 86–1612.

Court of Appeals of Iowa.

Aug. 26, 1987.

John L. Riccolo and Diane B. Gould of Wenzel, Piersall & Riccolo, Cedar Rapids, for plaintiff-appellant.

J.D. Villont, West Union, for defendant-appellee Oelberg individually.

Robert L. Anthony of Hofmeyer, Anthony & Hurley, Fayette, for defendants-appellees Oelberg and Cain as executors.

Considered by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

HAYDEN, Judge.

Decedent Marion Cynthia Oelberg died in 1985. Her will was admitted to probate in the Iowa District Court for Fayette County. She named her daughter, Joyce Ann Cain, and her son, Duane Charles Oelberg, as co-executors in a codicil to her will dated April 5, 1975. Duane and Joyce were appointed to serve without bond on December 23, 1985. They are the only beneficiaries of the estate. They are not residents of the State of Iowa.

Duane's ex-wife, Sharon Haars, filed a claim in probate for $49,680 for unpaid child support and attorney fees due under the 1970 decree dissolving her marriage to Duane. The fiduciaries disallowed Sharon's claim against the estate on August 18, 1986. Sharon also filed an application for appointment of a resident executor of the estate pursuant to Iowa Code section 633.-64 (1985), which provides in part:

> The court may, upon application, appoint the following nonresidents as fiduciaries:
> 1. **Natural persons.** A natural person who is a nonresident of this state and who is otherwise qualified under the provisions of section 633.63, provided a resident fiduciary is appointed to serve with such nonresident fiduciary; and provided further that the court, for good cause shown, may appoint such nonresident fiduciary to serve alone without the appointment of a resident fiduciary.

Sharon cited the dissolution decree and alleged decedent's estate included some Fayette County real estate and the appointment of a resident executor would aid her in satisfying her judgment against Duane. The co-executors resisted Sharon's application. The district court denied her application and she appeals.

Sharon claims on appeal the trial court misinterpreted section 633.64 and it required her to show good cause why a resident executor would aid in the estate when it should have required the nonresident executors to show good cause why they should administer the estate alone, without a resident executor.

The fiduciaries claim good cause is shown from the record to support the trial court's ruling. In addition they claim Sharon is not a creditor of this estate and has no standing nor right to interject herself in these proceedings.

Actions on applications to appoint a resident executor are triable as actions in equity. *See* Iowa Code § 633.33 (1985). Review of this equity matter is de novo. Iowa R.App.P. 4. We give weight to the

fact findings of the trial court, but are not bound by them. Iowa R.App.P. 14(f)(7).

**I.** First we address the co-executors' claim Sharon has no standing to interject herself in these proceedings. On appeal they argue Sharon is not a creditor of the estate. They acknowledge whatever claim Sharon has is a claim against Duane Oelberg in his individual capacity. They fail to cite any authority for their position Sharon is without standing to pursue her application in this estate.

The record on appeal shows a decree of divorce was filed in the Linn County Clerk's Office June 4, 1970. In this decree Sharon was awarded child support for two minor children and attorney fees. The caption of the divorce proceedings is "Sharon Kay Oelberg, Plaintiff, vs. Duane Charles Oelberg, Defendant," and is Linn County case number 90374. Sharon has transcripted this judgment to Fayette County. She claims $49,680 is now due and unpaid on her judgment against Duane.

We determine Sharon has established she is a judgment creditor of Duane, who is a beneficiary of this estate.

In *In re Estate of Duffy*, 228 Iowa 426, 432, 292 N.W. 165, 168 (1940), in a will contest the Iowa Supreme Court held that standing required a "beneficial interest" and that "[a] 'beneficial interest' is one of value, worth, advantage, or use to a person." Also in that case the Iowa Supreme Court held that a judgment creditor of a son of the decedent had such an interest since the son's interest as an heir vested instantly on the death of the father, and at the same instant the judgments against the son became liens on his share of the devised real estate. *Id.* at 435, 292 N.W. at 169. The Iowa Supreme Court also discusses this principle in the case of *In the Matter of the Estate of Pearson*, 319 N.W. 2d 248, 249 (Iowa 1982).

The case before us is not a will contest matter. It is, however, an estate probate proceeding and the question of whether Sharon has standing to file and pursue her application for appointment of a resident executor in this estate is before us. Upon our de novo review of the record on appeal we determine Sharon is a judgment creditor of Duane Charles Oelberg. Duane is a beneficiary in this estate. Sharon's judgment against Duane becomes a lien on his share of the devised real estate. Applying the rationale in *Duffy*, which we believe to be controlling here, Sharon has a beneficial interest and has standing to pursue her application.

Sharon has filed a claim in this estate and it has not been acted upon by the district court. The co-executors allege she is not a bona fide creditor of this estate. We do not decide whether she is a creditor of this estate. Our determination she has standing is because she is a judgment creditor of Duane, who is a beneficiary of this estate.

**II.** Was good cause shown the nonresident fiduciaries could serve alone without a resident fiduciary?

The trial court decided and ruled on Sharon's application for appointment of a resident executor from the court file before it and denied her request for an oral hearing in its order on her motion to enlarge findings and conclusions.

On Sharon's application for appointment of a resident executor, the court ruled "there is no showing a resident executor would aid in this estate" and overruled her application. On Sharon's motion to enlarge findings and conclusions, the court ruled in its order as follows:

While Section 633.64 requires good cause to be shown for a nonresident fiduciary, in this case the good cause is evident from the file. The fiduciaries are the sole beneficiaries in this estate. The Court sees no reason for additional findings or hearings in this matter.

The Motion to Enlarge is denied.

Section 633.64(1) of the 1985 Iowa Code states as follows:

**633.64 Qualification of fiduciary— nonresident.** The court may, upon application, appoint the following nonresidents as fiduciaries:

1. *Natural persons.* A natural person who is a nonresident of this state and who is otherwise qualified under the pro-

visions of section 633.63, provided a resident fiduciary is appointed to serve with such nonresident fiduciary; and provided further that the court, for good cause shown, may appoint such nonresident fiduciary to serve alone without the appointment of a resident fiduciary.

The parties to this appeal have cited no cases or authority, nor have we found any, construing or interpreting this statute. Sharon claims the co-executors had the burden to show good cause they could serve alone and they failed to do so. The co-executors claim good cause is shown as it is readily apparent in the record. As can be seen, the fighting issue is was good cause shown to the trial judge for denying Sharon's application.

 We hold the court file or record before us fails to generate a good cause showing these nonresidents should serve alone without a resident fiduciary. The fact they are the sole beneficiaries in this estate is not sufficient to establish "good cause."

We also hold the party resisting the appointment of a resident fiduciary to serve with a nonresident fiduciary has the burden of proof to show good cause such nonresident fiduciary may serve alone.

This case is remanded to the district court for the appointment of a resident fiduciary to serve with the nonresident fiduciaries.

REVERSED AND REMANDED.