**IN THE COURT OF APPEALS OF IOWA**

No. 15-2206
Filed December 21, 2016


IN THE MATTER OF THE ESTATE OF CHRISTINE M. BEDFORD, DECEASED.

**GEORGE MICHAEL CLAYTON**
        Petitioner-Appellant,

**vs.**

**TRACY L. VANNONI, as**
**Administrator of the Estate of Christine M. Bedford,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Polk County, Craig E. Block,

Associate Probate Judge.


        Petitioner appeals from the district court's dismissal of his petition to

remove the administrator of an intestate estate.  **APPEAL DISMISSED.**


        Theodore F. Sporer of Sporer & Flanagan, P.L.L.C., Des Moines, for

appellant.

        Frank Murray Smith of Frank Smith Law Office, Des Moines, for appellee.


        Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Christine Bedford died intestate in February 2015. Her daughter, Tracy Vannoni, petitioned the court, asking to be named administrator of the estate and stating that Tracy and her brother were the "sole heirs-at-law." The probate court named Vannoni the administrator of Bedford's estate.

Thereafter, the appellant, George Clayton, filed a petition to have Vannoni removed as the administrator. In it, Clayton asserted that he was the common-law spouse of the decedent. Vannoni resisted her removal as administrator and denied that Clayton was the common-law husband of the decedent; Vannoni moved the court to dismiss Clayton's petition because he lacked standing. The court set the disputed matters for hearing.

Following the hearing, the court dismissed Clayton's petition. The court noted that Iowa Code section 633.65 (2015) controls the removal of a fiduciary; the section requires a court, "upon the filing of a verified petition by any *person interested* in the estate, . . . [to] order the fiduciary to appear and show cause why the fiduciary should not be removed." (Emphasis added.) To be an "interested person," Clayton would need to establish that he was in fact the common-law spouse of the decedent. *See In re Pearson's Estate*, 319 N.W.2d 248, 249 (Iowa 1982) (stating that the interest one has may not be "a mere sentimental one, but it must be an interest which is beneficial to the objector in a pecuniary way," and "[a] 'beneficial interest' is one of value, worth, advantage, or use to a person"); *see also* Iowa Code §§ 633.211–633.226 (controlling the rules of inheritance when a person dies intestate; not providing a means of inheritance for a non-married partner). The court ruled that he had not yet established that

he was the decedent's common-law spouse, so he lacked standing to request the removal of the administrator.

Clayton appealed the district court's ruling. However, since then, he has dismissed his spousal claim. *See In re L.H.*, 480 N.W.2d 43, 45 (Iowa 1992) ("Matters that are technically outside the record may be submitted in order to establish or counter a claim of mootness. We consider matters that have transpired during the appeal for this limited purpose.").

Now that Clayton concedes he was not the common-law spouse of the decedent, his appeal of the district court's finding that he lacked standing is moot. *See State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002) ("Ordinarily, an appeal is deemed moot if the issue becomes nonexistent . . . . We generally refrain from reviewing moot issues."). We dismiss Clayton's appeal.

**APPEAL DISMISSED.**