**IN THE COURT OF APPEALS OF IOWA**

No. 23-2087
Filed February 5, 2025

**IN THE MATTER OF THE ESTATE OF ARLENE KAE SEVERIDT**

**BONITA HARLAND, AMANDA LOVIG, TRAVIS HARLAND, and ETHAN HARLAND,**
       Appellants.
_____

       Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

       An heir and alleged devisees under a will appeal the district court's dismissal of their petition contesting the will. **AFFIRMED.**

       Louis R. Hockenberg and Jeffrey P. Schultz of Sullivan & Ward, P.C., West Des Moines, for appellants.

       Michael Marquess of Marquess & Hoyer Law Office, P.C., Toledo, for appellee.

       Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**SANDY, Judge.**

Bonita Harland and her children, Amanda Lovig, Travis Harland, and Ethan Harland, appeal the district court's dismissal of their petition contesting the will of Arlene Kae Severidt, Bonita's sister. They argue (1) Bonita was entitled to but did not receive adequate notice of probate, (2) Bonita's children are devisees under the current will and beneficiaries under the previous will, entitling them to notice of probate, and (3) they satisfied Iowa's notice pleading standards.

We affirm.

## I. Background Facts and Proceedings

On December 14, 2022, Severidt died testate in Marshall County, Iowa, where she resided. She never married nor had children. Her parents predeceased her. Her only surviving relatives are Bonita and Bonita's children. Severidt's will named Bonita and Severidt's friend, Robert Roseland, as the sole beneficiaries. The two beneficiaries were appointed co-executors of the estate, and all estate property was divided between them.

Notice of the will's admission to probate was published on January 24 and February 8 of 2023. Bonita and her children petitioned to contest the will on June 21—over four months after the second publication notice. Roseland, as the defendant to the petition, filed a pre-answer motion to dismiss on August 21. That motion contended the statute of limitations expired before the petition was filed and that Bonita's children lacked standing to challenge the will. Following a hearing the district court sustained Roseland's motion to dismiss, finding, among other things, the statute of limitations had expired.

Bonita and her children now appeal.

## II. Standard of Review

"Actions to set aside or contest wills . . . shall be triable in probate as law actions." Iowa Code § 633.33 (2023). Review in cases other than equity are "for correction of errors at law." Iowa R. App. P. 6.907. A district court's ruling on a motion to dismiss is reviewed for the correction of errors at law, as are rulings on statutory interpretations. *See Struck v. Mercy Health Servs. Iowa Corp.*, 973 N.W.2d 533, 538 (Iowa 2022). "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Id.* (citation omitted). "[W]e will affirm a dismissal only if the petition shows no right of recovery under any state of facts." *Id.* (alteration in original) (citation omitted).

## III. Discussion

Bonita and her children argue (1) Bonita was entitled to but did not receive adequate notice of probate, (2) Bonita's children are devisees under the current will and beneficiaries under the previous will, entitling them to notice of probate, and (3) they satisfied Iowa's notice pleading standards. We address each of these arguments in turn.

Any interested party may petition to set aside the probate of a will. Iowa Code § 633.308. To be an interested party, a person must have an immediate interest rather than a contingent interest, which may never vest. *In re Est. of Pearson,* 319 N.W.2d 248, 249–50 (Iowa 1982).

### A. Bonita's Right to Notice

Bonita contends she was "entitled to receive adequate notice of probate, which she did not receive" due to "her status as an heir and devisee under the will."

Iowa Code section 633.304(2) requires that the executor, "as soon as practicable give notice, *except to any executor,* by ordinary mail to . . . each heir of the decedent, and each devisee under the will admitted to probate . . . at such persons' last known addresses, of admission of the will to probate and of the appointment of the executor." (Empasis added.)

Iowa Code section 633.309(1), which establishes the limitations period for claims to contest or set aside the probate of wills, states:

> An action to contest or set aside the probate of a will must be commenced in the court in which the will was admitted to probate within the later to occur of four months from the date of second publication of notice of admission of the will to probate or one month following the mailing of the notice to all heirs of the Decedent and devisees under the will whose identities are reasonably ascertainable, at such persons' last known addresses.

Bonita was an executor, a fact she does not dispute. Because she was an executor and the statute expressly exempts executors from the notice requirement, Bonita was not entitled to receive notice from Roseland (and herself) of the will's admission to probate.

Bonita's argument that section 633.309(1) creates additional notice duties expressly exempted in section 633.304(2) and would render useless the latter section's clause, "except to any executor." "Under the 'absurdity doctrine,' a court declines to follow the literal terms of the statute to avoid absurd results." *Brakke v. Iowa Dep't of Nat. Res.*, 897 N.W.2d 522, 534 (Iowa 2017). Here, Bonita sets forth an unpersuasive argument in her attempt to nullify the executor exemption under section 633.304(2). She does not quite spell it out, but this is essentially the argument: Bonita as executor was deficient in failing to send notice to Bonita as

heir and devisee. Thus, the statute of limitations does not apply and she can bring this action against her co-executor.

If we were to ignore section 633.304(2), any executor-heir could indefinitely leave the door open to contesting a will by failing to provide notice to him or herself. This would allow such an executor-heir to successfully circumvent the statute of limitations at will.

Moreover, we are unconvinced by Bonita and her children's argument that the second publication notice was not in "substantial compliance" with the statutory form outlined in section 633.304(3), due to the second publication date being left blank on the February 23, 2023 filing of notice of probate of will. The district court observed that "[t]he statutory form directs that the date of the second notice be inserted by publisher. That direction would not apply to a mailed notice. The second date of publication was readily ascertainable by consulting the court file."

We decline to adopt Bonita's interpretation of the probate code. She was not entitled to notice of the will's admission to probate, and the publication notice was substantially in the form described in section 633.304(3).

### B. Rights of Notice for Bonita's Children

Bonita and her children also argue that Bonita's children, as devisees under a previous will and contingent devisees under the present disputed will, were entitled to notice of the will's admission to probate, which they did not receive.

Iowa Code section 633.309 requires that the executor mail notice of the will's admission to probate to all devisees. Whether a person is a devisee is determined based on the date on which the will speaks. *See Randall's Est. v.*

*McKibben*, 191 N.W.2d 693, 698 (Iowa 1971) ("[A] will speaks from date of testator's death [and] the rights of any party thereunder accru[e] at that time.").

As the district court succinctly stated:

> [T]he will provide[d] that if Bonita did not survive the decedent, then certain specified property was to go to her children. These provisions made Bonita's children contingent beneficiaries—contingent on their mother not surviving the decedent. However, because Bonita did survive the decedent and the will spoke at the time of the decedent's death, Bonita's children never became heirs, and they never became devisees.

We agree. Bonita's children were not devisees under the will and were thus not entitled to notice.

### C. Notice Pleading

The district court found that Bonita and her children failed to properly allege in their petition a basis for the children to have standing. Assuming without deciding that the children have standing, their claims are still barred by the statute of limitations due to their aforementioned lack of rights to notice of the will's admission to probate.

## IV. Conclusion

Because Bonita and her children were not entitled to notice of the admission of Severidt's will to probate, their petition is barred by the statute of limitations. We affirm.

**AFFIRMED.**