**IN THE COURT OF APPEALS OF IOWA**

No. 24-1472
Filed November 13, 2025

**IN THE MATTER OF THE ESTATE OF DENNIS R. PETERSON,**

**ESTATE OF DENNIS R. PETERSON,**
    Appellant.
_____

    Appeal from the Iowa District Court for Jefferson County, Myron Gookin,
Judge.


    The executor of an estate appeals the probate court ruling setting priority
over estate funds in favor of a beneficiary.  **AFFIRMED.**


    Paul A. Miller of Miller Law Office, Fairfield, for appellant.

    John G. Daufeldt and Colin W. Smyka of John C. Wagner Law Offices, P.C.,
Amana, for appellee Joseph Parcell.


    Considered without oral argument by Greer, P.J., and Badding and
Chicchelly, JJ.

**GREER, Presiding Judge.**

Was it proper to pay the estate beneficiary, Joe Parcell, the funds remaining in the estate? The probate court said yes, but the executor, Donna Peterson, argues that the estate is insolvent as any leftover funds must be paid towards a probate claim for medical expenses. We find that the probate court properly resolved the issue of Parcell's claim based upon the record provided at the hearing. We affirm.

## I. Factual Background and Proceedings.

Dennis Peterson died on February 20, 2020, and his estate was opened the next month so that his August 27, 2018 will (the "Will") could be probated. The decedent's daughter, Donna Peterson, was appointed as executor. Important to this matter, the Will provided in Article I, involving the grant of a life estate: "I hereby give to Joe Parcell lifetime use of the 2nd and 3rd bays at [the Collins Street property] so long as he pays 35% of overhead." Additionally, Article II of the Will provided the "rest, residue and remainder of my property" is to be distributed to Donna. Unfortunately, before Dennis died he incurred medical bills. The Iowa Department of Health and Human Services (HHS) filed a claim in probate in the amount of $138,086.27, on behalf of the medical assistance program pursuant to Iowa Code section 249A.53(2) (2020).

To pay debts of the estate, Donna applied for authority to sell the real estate that involved Parcell's life estate interest. Parcell objected to the sale, noting the estate had other properties that could be sold to satisfy claims and pay the estate expenses. In response the executor argued the estate was insolvent to the amount

of $68,996.89 so Parcell's life estate interest should be "adeemed" and that the HHS billing would still have to be negotiated.

A hearing was set on the application to sell real estate on December 21, 2020, but neither Donna nor the estate attorney appeared. The probate court rejected the ademption theory and refused to extinguish Parcell's life estate interest. Undeterred by the earlier ruling, the executor filed another application to sell the real estate and the executor now pointed to Iowa Code sections 633.425 and 633.436, which related to the classification of debts and charges and order of abatement of devisees' interests for the payment of debts and charges. An attorney for HHS also appeared at the hearing set on the second application. The probate court addressed the arguments made at the hearing, ordering that the real estate should be sold because under section 633.436, "the debts and charges of the estate exceed the assets, the specific devise of the life estate in two bays of a storage building to Joe Parcell abates for payment of the estate's debts and charges. Effectively, this abatement extinguishes Parcell's life estate interest."

Parcell appealed this ruling. A panel of our court considered the issues over the second application to sell, finding that the probate court correctly determined that abatement was necessary given the lack of funds to pay debts, but that the estate had to follow the order of abatement as outlined in section 633.436. It directed that the "order of abatement should be as follows: residuary bequest to Donna Peterson and then the specific bequest to Joseph Parcell." *In re Est. of Peterson*, No. 21-0218, 2022 WL 1487126, at *4 (Iowa Ct. App. May 11, 2022) (considering Parcell's life estate a specific bequest under the Will and finding abatement was necessary to pay the debts and expenses of the estate).

Once back before the probate court, in July 2022, the court entered an order confirming that Donna's residuary bequest abate for payment of debts and estate expenses before Parcell's specific bequest of a life estate. The estate moved forward with completion of the court's requirements and ultimately an April 2023 hearing was set to determine if the life estate property would be sold. But at the hearing, the executor and Parcell presented a settlement agreement reached between them. Their agreement would allow the sale of the life estate property but reserve Parcell's right to present his claim for reimbursement of the value of his life estate interest.

Subsequently, Donna filed the final report on January 15, 2024, which stated that payment had been made of all debts and claims, with the attached "accounting" reflecting that HHS had been paid $77,918.45, leaving a $60,167.82 "deficiency to Estate Recovery Program." That same month, HHS filed a release and satisfaction of its claim in probate noting a payment amount of $77,918.45. The body of the filing specifically stated: "Comes now Iowa HHS, and does hereby acknowledge receipt of the below amount *in satisfaction of the claim* for Title XIX medical assistance pursuant to Iowa Code Section 249A.53(2)." (Emphasis added.) The next day, counsel for HHS filed a withdrawal of appearance from the estate proceedings. From the court file, it appears that the matters remaining were approval of the final report to allow distribution of assets and payment of the estate expenses.

To that end, the probate court set a hearing on the final report, which included consideration of Parcell's objections and request for a determination related to the distribution to him. No representative from HHS attended the

hearing. Parcell took issue with the attorney fees charged, accused the executor of selling property below market rate and demanded a full accounting of sums in the estate attorney's trust account.

After a hearing where both Parcell and Donna testified,[1] each side filed post-hearing briefs, and on June 19, the probate court entered its findings of fact, conclusions of law, analysis, and ruling. The probate court found there was no dispute that $64,428.21[2] represented the value of Parcell's life estate interest. Noting that the accounting provided by the estate was "not exactly an outstanding model of an accounting," the court stated it could not "crunch the numbers to know exactly how much may be left for distribution" as it had reduced the attorney fees claimed in the accounting from $39,128.12 to $9680. The probate court entered judgment setting out the order of the specific obligations to be paid and that to the extent there remained funds available, those funds would be paid to Parcell. Additionally, the probate court ordered the executor to calculate the final balance of funds available and file a detailed explanation on or before July 31 because the accounting provided did not list the funds held in the estate attorney's trust account.[3]

Before the supplemental accounting was filed, HHS filed an appearance and moved to modify the probate court's order, arguing that it was still owed part of the $138,086.27 incurred for medical expenses and had not "settled for

---

[1] A realtor, familiar with the decedent and his real estate holdings, also testified.
[2] As the probate court noted in the ruling, "[t]his value is not credibly disputed by the estate."
[3] No accounting with this required information was filed by the estate on or before July 31, 2024.

$77,918.45" as the probate court found. And to the extent that the court identified the release as a settlement agreement, HHS maintained there was a mutual mistake of fact. As an alternative argument, HHS contended that because it did not engage in the hearing, the court "may" have entered its ruling against HHS in default and so the order was entered due to mistake pursuant to Iowa R. Civ. P. 1.977.[4] Parcell resisted the motion, asserting HHS had no authority to file its motion. HHS also filed an amended release of claim that indicated it filed the previous release of claim because it *allegedly* received all the remaining funds in the estate but now believed there were "approximately $28,000 of further estate assets to distribute." (Emphasis added.)

In a ruling on the motion to modify, the probate court rejected all arguments asserted by HHS. Both the executor and HHS appealed this ruling.

## II. Standard of Review.

Except for some specified probate issues that are "triable in probate as law actions, . . . all other matters triable in probate shall be tried by the probate court as a proceeding in equity." Iowa Code § 633.33 (2024). In equity cases review is de novo. Iowa R. App. P. 6.907.

## III. Discussion.

*Jurisdiction.* We start with a jurisdictional discussion. Both the estate and HHS appealed the probate court's rulings in this matter. In an appellate motion filed by HHS, it contends that it is "not properly an appellee in this matter," the court

---

[4] Iowa Rule of Civil Procedure 1.977 provides "[o]n motion and for good cause . . . the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty."

should "redesignate the parties" and that because the estate is not adverse to HHS, it may be "dismissed from this matter entirely." Three months later after a briefing schedule was filed by the appellate clerk of court, HHS filed a formal "voluntary dismissal." Thus, we are left with the estate's appeal of the issues presented here. And because the estate only appeals from the order denying HHS's motion to modify, we focus on only on that issue.

With HHS no longer a party to the appeal, our focus is on the estate's claims and the process related to it. As to the estate's appeal of the underlying decision of the probate court, Iowa Code section 633.36 provides that "[a]ll orders and decrees of the court sitting in probate are final decrees as to the parties having notice and those who have appeared without notice." So Parcell argues that we do not have jurisdiction to hear this appeal because the executor did not timely appeal from the June 19 findings of fact, conclusions of law, analysis and ruling. Only HHS moved to modify that ruling as their counsel and "the Iowa Department of Health and Human Services" had withdrawn from the probate matter before June 19. And, the estate did not join in that HHS motion to modify. So, the question is whether the HHS motion to modify extends the estate's time to appeal. We find that it does.

The pertinent rule provides that "[o]n motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be reconsidered, enlarged, or amended and the judgment or decree modified accordingly or a different judgment or decree substituted." Iowa R. Civ. P. 1.904(2). Parcell argues that HHS is not a party and thus cannot avail itself of this rule. But this section of the rule does not reference "party," and in any event,

a claimant to an estate is an "interested party" under our caselaw. *See In re Est. of Pearson*, 319 N.W.2d 248, 249–50 (Iowa 1982) (noting that in the analysis of those persons with standing to contest a will, a judgment creditor was an interested party by virtue of its beneficial interest). Likewise, a rule 1.977 motion is not the sole method to raise an issue that a court overlooked, and so HHS as a claimant could ask the court to address a legal issue related to the ruling on Parcell's beneficial interest. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012) (observing "[w]e said that rule 179(b) (now rule 1.904(2)) is one means, but not the only means, for requesting such a ruling" on an overlooked issue and other motions requesting a ruling can preserve error). Thus, we find that HHS could file the motion to address its concern over the medical claim. The estate's appeal deadline did not begin until that timely motion to consider was resolved by the probate court.[5]

*New Evidence.* Next, Parcell argues that the probate court could not consider the new evidence and arguments that HHS brought to the table post-hearing—specifically that their claim in probate was not fully satisfied even though they filed a release and satisfaction of claim. It is generally improper for a party to submit new evidence for the court's consideration at the motion-to-reconsider

---

[5] Parcell also argues that the estate's notice of appeal "unequivocally indicates [Donna] is only appealing the District Court's Order Denying the HHS Motion," so she cannot challenge the court's earlier ruling that set out the order of the specific obligations to be paid. We disagree and find the notice of appeal encompasses both rulings. *See, e.g.*, *In re Guardianship and Conservatorship of Ankeney*, 360 N.W.2d 733, 736 (Iowa 1985) (finding a notice of appeal "substantially complied" with our appellate rules and "was sufficient to confer jurisdiction in this court," even though the notice only referred to a later order because the earlier order "inhered" in that order).

stage. *Anderson v. State*, 2 N.W.3d 807, 820 (Iowa 2024) (denying the additional medical record information included in the motion to reconsider or modify that was not part of the hearing on the motion to dismiss). A rule 1.904(2) motion is permitted so that courts may enlarge findings based on the evidence presented in the record. *Id.* We agree that new evidence cannot be considered, but we still find that the legal arguments involving the effect of the release and satisfaction filed by HHS were addressed by the district court.

*Legal Considerations Involving the Release and Satisfaction and Waiver.*

In its appellate brief, the estate addresses the statutory requirements related to the payment of debts and charges of an estate, citing authority related to those concerns. But the narrow issue presented is: did the district court properly find that the HHS release and satisfaction fully released its claim for any additional monies over and above the $77,918.45 it received as referenced in the document? On that issue, the estate briefly notes there was a "mutual mistake" but offers no authority in support of this position. Thus, the estate has waived its argument on this core issue. Iowa R. App. P. 6.903(2)(a)(8)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). Likewise, a party forfeits an issue on appeal when the party fails to make more than a perfunctory argument in support of the issue. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) (listing ways a party may forfeit an issue on appeal). Such is the case here. Finding the issue presented on this appeal waived, we affirm the decision of the district court.

**AFFIRMED.**